```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF NEW YORK

   UNITED STATES OF AMERICA,    .   Docket No.
                                .   1:23-CR-00236-FB-1
         Government,            .
                                .
             v.                 .   Brooklyn, New York
                                .   Thursday, March 23, 2023
   SAGAR STEVEN SINGH, also     .   3:46 p.m.
   known as Weep                .
                                .
         Defendant.             .
    . . . . . . . . . . . . . .


          TRANSCRIPT OF ARRAIGNMENT AND BAIL HEARING
               BEFORE THE HONORABLE JAMES R. CHO
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:         U.S. Attorney's Office
                            Eastern District of New York
                            ALEXANDER MINDLIN, AUSA
                            271 Cadman Plaza East
                            Brooklyn, New York  11201
                            718-254-6433

For the Defendant:          Jeremy Gutman, Attorney at Law
                            JEREMY L. GUTMAN, ESQ.
                            521 Fifth Avenue
                            17th Floor
                            New York, New York  10175
                            212-644-5200



Transcription Service:      Superior Reporting Services LLC
                              P.O. Box 5032
                              Maryville, TN 37802
                              865-344-3150



Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com

```
 1                     P R O C E E D I N G S
 2              MR. MINDLIN:  Good afternoon, Your Honor.  For the
 3   Government, Alexander Mindlin, Assistant U.S. Attorney.
 4              MR. GUTMAN:  Good afternoon, Your Honor.  Jeremy
 5   Gutman for Sagar Singh, who's present sitting next to me.
 6              THE COURT:  All right.  Good afternoon everyone.
 7   All right.  And you may remain seated throughout.
 8              All right.  Just to confirm.  Are you Sagar Singh?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  All right.  How do you pronounce your
11   first name?
12              THE DEFENDANT:  S-A-G-A-R, Sagar.
13              THE COURT:  How do you pronounce it?
14              THE DEFENDANT:  Sagi.  All right.  Sagar.
15              All right.  Good afternoon.  I'm Judge Cho.  How
16   are you doing?
17              THE DEFENDANT:  Good.  You?
18              THE COURT:  All right.  Let me explain to you
19   what's going to happen today.
20              All right.  The purpose of today's proceedings is
21   to make sure you understand your rights, what you've been
22   charged with, and to determine whether you should be release
23   on bail or held in jail.
24              You have the right to remain silent.  You're not
25   required to make any statement.  If you've made a statement,
```

1   you need not say anything further.  If you start to make a
2   statement in the future, you can stop at any time.  Any
3   statement you make may be used against you.  Do you
4   understand that?
5               THE DEFENDANT:  Yes.
6               THE COURT:  All right.  You have the right to
7   counsel.  If you cannot afford one, one will be appointed for
8   you, okay?
9               Mr. Gutman, did he fill out a financial affidavit;
10  do you know?
11              MR. GUTMAN:  Yes.  He applied in the District of
12  Rhode Island where he was arrested.
13              THE COURT:  Okay.
14              MR. GUTMAN:  And it was approved.
15              THE COURT:  All right.  That's fine.  All right.
16  But you're CJ counsel here, correct?
17              MR. GUTMAN:  Yes.
18              THE COURT:  Okay.  All right.  So given the fact,
19  Mr. Singh, that you were appointed counsel prior in Rhode
20  Island, I will go ahead and appoint Mr. Gutman to be your
21  attorney for purposes of today and all purposes going
22  forward, okay?
23              All right.  Mr. Gutman, do you accept that
24  appointment?
25              MR. GUTMAN:  I do, Your Honor.

```
 1              THE COURT:  All right.  Now, Mr. Singh, you have
 2   been charged in the complaint with one Count, conspiracy to
 3   commit computer intrusion.  Have you received a copy of the
 4   complaint?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  All right.  And have you had a chance
 7   to discuss the charges against you with your attorney?
 8              THE DEFENDANT:  Not yet.
 9              THE COURT:  All right.  Mr. Gutman, do you need
10   time to discuss the charge with your client?
11              MR. GUTMAN:  No, Your Honor.  I believe he did
12   discuss it with his prior counsel.
13              THE DEFENDANT:  Yeah.  With the prior one, yes.
14              THE COURT:  Okay.  Understood.  But you understand
15   you've been charged with conspiracy to commit computer
16   intrusion; is that correct?
17              THE DEFENDANT:  Correct.  Yes.
18              THE COURT:  Okay.  All right.  Do you understand
19   the charge against you?
20              THE DEFENDANT:  I understand it.
21              THE COURT:  All right.  Mr. Gutman, do you have a
22   view as to a preliminary hearing?
23              MR. GUTMAN:  We'll waive preliminary hearing, Your
24   Honor.
25              THE COURT:  Okay.  All right.  Let me turn to the
```

1   Government then.

2   Pursuant to Federal Rule of Criminal Procedure
3   5 (F), I remind the Government of its obligation under Brady
4   versus Maryland and its progeny to disclose to the defense
5   all information known to the Government, whether admissible
6   or not, that is favorable to the defendant and material
7   either to guilt or to punishment.  The Government must make
8   good faith efforts to disclose such information to the
9   defense as soon as reasonably possible.  I'll be entering a
10  written order more fully describing this obligation and
11  possible consequences of failing to meet them, and I'd like
12  the Government review and comply with that order.
13  Does the Government confirm that it understands its
14  obligations and will fulfill them?
15  MR. MINDLIN:  Yes, Your Honor.
16  THE COURT:  All right.  I understand the parties
17  have a proposed bail package.
18  Mr. Gutman, do you want to be heard on your
19  application?
20  MR. GUTMAN:  Yes, Your Honor.  The Government and I
21  have discussed a package that would -- it would consist of a
22  personal recognizance bond in the amount of $100,000 signed
23  by the defendant and co-signed by his mother, Ritu (ph.)
24  Singh, who is present here in the courthouse.  And Ms. Singh
25  has also agreed to act as a third-party custodian, and both I

1  and Mr. Wong (ph.) from Pretrial Services have discussed with
2  her what that would -- what she would be agreeing to do if
3  she signs in that capacity, and she's prepared to do that,
4  and she's here to respond to inquiries by the Court.
5           Other than that, I think there's some additional
6  conditions that Pretrial thinks are appropriate and that we
7  will also agree to.
8           THE COURT:  Okay.  Understood.  Mr. Mindlin,
9  anything else in terms of the proposed bail package?
10          MR. MINDLIN:  Your Honor, just for the record I'd
11 note that Pretrial has recommended that the defendant submit
12 to passive and active searches of his internet-capable
13 devices.
14          THE COURT:  Okay.  Understood.  Why don't we hear
15 from the mother.  Ms. Singh, are you here?
16          MS. SINGH:  Yes.  I'm here.
17          THE COURT:  Why don't you come up to the podium,
18 please?
19          MS. SINGH:  Yes, sir.
20          THE CLERK:  Okay, Ms. Singh.  I need to swear you
21 on the record.  Just please raise your right hand.
22              RITU GITA SINGH,  WITNESS, sworn
23          THE CLERK:  And just state your full name for the
24 record, please.
25          MS. SINGH:  Yeah.

```
 1              THE CLERK:  Your full name?
 2              MS. SINGH:  Yeah.  Full name, Ritu Gita Singh.
 3              THE CLERK:  Thank you.
 4              MS. SINGH:  You're welcome.
 5              THE COURT:  All right.  Good afternoon, Ms. Singh.
 6              MS. SINGH:  Good afternoon, sir.
 7              THE COURT:  My name is Judge Cho.  How are you
 8  doing?
 9              MS. SINGH:  I'm well.  Thank you for asking.  How
10  about you?
11              THE COURT:  I'm doing fine.
12              MS. SINGH:  Yeah.
13              THE COURT:  Just to confirm.  You understand
14  English, correct?
15              MS. SINGH:  Yes.  I do.
16              THE COURT:  All right.
17              MS. SINGH:  Yeah.
18              THE COURT:  And also to confirm.  Is Mr. Singh your
19  son?
20              MS. SINGH:  Yes.
21              THE COURT:  All right.  Do you live together
22  currently?
23              MS. SINGH:  Yeah.  He's with me.  Yeah.
24              THE COURT:  All right.  So let me explain to you
25  what's going on here today.
```

1           So your son has been charged with a very serious
2  federal felony.  His attorney has come to an agreement on
3  bail package that would secure his release today.  I am
4  prepared to approve this package, but I also need to confirm
5  with you that you want to be a co-signer on this bond, okay?
6  So there's some questions I need to ask you first, okay?
7           MS. SINGH:  Yeah.
8           THE COURT:  If at any point you don't understand
9  any of my questions, just let me know, okay?
10          MS. SINGH:  Uh-huh.
11          THE COURT:  All right.  What is your current
12 address?
13          MS. SINGH:  36 Campbell Street, Pawtucket, Rhode
14 Island 02861.
15          THE COURT:  Okay.  And are you currently working?
16          MS. SINGH:  Yes.  I am working.  I'm a part-time
17 working in Burlington Coat Factory.
18          THE COURT:  Okay.  And approximately how much money
19 do you earn per year?
20          MS. SINGH:  I'm part time, and I just make less
21 than 11.
22          THE COURT:  11,000 per year?
23          MS. SINGH:  Yeah.  Uh-huh.
24          THE COURT:  Okay.  Does anyone else live in the
25 home with you?

1        MS. SINGH:  No.  It's only me and my son.

2        THE COURT:  Okay.

3        MS. SINGH:  Yeah.

4        THE COURT:  All right.  So let me explain to you
5   what the terms are if it's a release, okay?

6        So there's a $100,000 bond --

7        MS. SINGH:  Yeah.

8        THE COURT:  -- co-signed by you, and he must submit
9   to you what call pretrial services supervision, okay?  So
10  he'll be monitored while he's being released.

11       MS. SINGH:  Uh-huh.

12       THE COURT:  He is to continue or actively seek
13  employment or start some sort of educational or vocational
14  program.  He is supposed to surrender his passport and not
15  seek any travel documents.  He is not to leave New York City
16  or Rhode Island or any parts in between, but he can travel
17  back and forth.

18       MS. SINGH:  Uh-huh.

19       THE COURT:  Okay?  He is to maintain a residence at
20  a location that's approved by Pretrial Services, which I
21  assume will be your home, okay?

22       MS. SINGH:  Yeah.

23       THE COURT:  Because of the nature of the charges in
24  this case, his computers will be monitored as directed by
25  Pretrial Services, and he'll also be put in your custody,

1    okay?

2             MS. SINGH:  Yeah.

3             THE COURT:  And you'll be signing a form which

4    acknowledges acceptance that you'll be his custodian while

5    he's on release, okay?

6             MS. SINGH:  Yeah.

7             THE COURT:  All right.  Now under our system you

8    don't have to put up any money today, okay --

9             MS. SINGH:  Uh-huh.

10            THE COURT:  -- even though it's $100,000 bond.  In

11   the event your son violates any terms of his release --

12            MS. SINGH:  Yeah.

13            THE COURT:  -- the Government may come after him

14   but also you to recover the full $100,000 bond.  Do you

15   understand that?

16            You need to answer yes or no.

17            MS. SINGH:  Oh -- oh, yeah.  Yes.

18            THE COURT:  Yes?

19            MS. SINGH:  Yeah.

20            THE COURT:  Okay.

21            MS. SINGH:  Sorry.

22            THE COURT:  Now, knowing all of this, do you still

23   want to be co-signer on this bond?

24            MS. SINGH:  Yes.

25            THE COURT:  Okay.  All right.  I will approve you

1    as a suretor.  All right.  So you can go ahead and be seated,
2    but we'll have you sign the bond form before you leave, okay?
3              MS. SINGH:  Thank you.
4              THE COURT:  All right.  Let me turn to you now,
5    Mr. Singh.
6              So your mom has agreed to be a co-signer on this
7    bond, all right?  So you're putting her at risk in the event
8    you violate any terms of your release; you understand that?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Okay.  All right.  So I'm prepared to
11   approve the bond as proposed by your attorney on consent of
12   the Government.  As I told your mother you don't have to put
13   up any money today.  It's only if you violate the terms of
14   your release that the Government may come after you to
15   recover the full $100,000 bond.  Do you understand that?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Okay.  So let me give you some
18   warnings.
19             If you fail to come to court as directed, a warrant
20   will be issued for your arrest, and you may be held without
21   bail until your trial.  A failure to appear may result in
22   charges of bail jumping, which is a separate felony offense.
23             Even if you're not convicted of the underlying
24   charge, if you're convicted of bail jumping, you could go to
25   jail for that.

1          If you're convicted of the underlying charge and
2   you have bail jumping, you could receive consecutive jail
3   terms.
4          You will also be subjected to increased punishment
5   if you commit a crime while out on bail.
6          If you threaten a witness or attempt to influence
7   the testimony of any witnesses against you, you may be
8   subjected to judgment to punishment for that as well.
9          So keep your attorney aware of where you can be
10  reached, appear in court as directed, do not commit any
11  crimes while out on bail, and do not seek to influence the
12  testimony of any witnesses against you.
13         Can you comply with all those terms of your
14  release?
15         THE DEFENDANT:  Yes.  I can comply.
16         THE COURT:  I'll go ahead and approve the bond as
17  proposed.
18         All right.  Anything else for the Government today
19  Mr. Mindlin?
20         MR. MINDLIN:  No, Your Honor.
21         THE COURT:  All right.  Anything else for you
22  Mr. Gutman?
23         MR. GUTMAN:  No.  Thank you, Your Honor.
24         THE COURT:  Okay.  We are adjourned.
25      (Proceedings adjourned at 3:57 p.m.)

```
 1                    TRANSCRIBER'S CERTIFICATE
 2         I certify that the foregoing is a correct
 3   transcript from the electronic sound recording of the
 4   proceedings in the above-entitled matter.
 5
 6                                      November 12, 2023
     *Sandra Tuizer*
 7                              _____    _____
 8   Sandra Tuizer, 1236-CET              DATE
 9   Legal Transcriber
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```