```
                                                                        1

 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   -------------------------------x
                                               23-CR-236(FB)
 3   UNITED STATES OF AMERICA
                                               United States Courthouse
 4                                             Brooklyn, New York
            -against-
 5                                             March 8, 2024
                                               2:30 p.m.
 6   SAGAR SINGH and NICHOLAS
     CERAOLO,
 7
              Defendants.
 8   -------------------------------x

 9         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
                  BEFORE THE HONORABLE FREDERIC BLOCK
10                UNITED STATES SENIOR DISTRICT JUDGE

11   APPEARANCES

12   For the Government:         UNITED STATES ATTORNEY'S OFFICE
                                 Eastern District of New York
13                               271 Cadman Plaza East
                                 Brooklyn, New York 11201
14                           BY: ADAM AMIR, ESQ.
                                 ALEXANDER MINDLIN  , ESQ.
15                               ELLEN HANLEY SISE, ESQ.
                                 Assistant United States Attorneys
16
     For the Defendant:          JEREMY L. GUTMAN, ESQ.
17   Sagar Singh                 521 Fifth Avenue - 17th Floor
                                 New York, New York 10175
18
     For the Defendant:          OLSHAN, FROME & WOLOSKY LLC
19   Nicholas Ceraolo            1325 Avenue of the Americas
                                 Suite 15th Floor
20                               New York, New York 10036
                             BY: ROBERT MICHAEL APPLETON, ESQ.
21

22   Court Reporter:             LINDA D. DANELCZYK, RPR, CSR, CCR
                                 Phone:   718-613-2330
23                               Fax:     718-804-2712
                                 Email:   LindaDan226@gmail.com
24

25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
```

1               (In open court.)

2               THE COURTROOM DEPUTY:  The parties on Singh and

3     Ceraolo.

4               (Defendants enter the courtroom.)

5               THE COURTROOM DEPUTY:  Criminal cause for a status

6     conference, United States of America versus Singh and Ceraolo.

7               I ask counsel to please state their appearances.

8               MR. AMIR:  Good afternoon, Your Honor.  Adam Amir

9     for the government.

10              MR. MINDLIN:  Good afternoon, Your Honor.  For the

11    government, AUSA Alex Mindlin.

12              THE COURT:  All right.

13              MS. SISE:  Good afternoon, Your Honor.  AUSA Ellen

14    Sise for the government.

15              THE COURT:  All right.

16              MR. APPLETON:  Good afternoon, Your Honor.  Robert

17    Appleton on behalf of Nicholas Ceraolo.

18              THE COURT:  So why are we back here again?

19              MR. GUTMAN:  I'd like to say good afternoon also,

20    Your Honor.

21              THE COURT:  And good afternoon.

22              You know, I hate to bring you folks in for no

23    reason.  You have not, obviously, been able to resolve this

24    matter by plea negotiations, I take it, right?  You were here

25    on October 18th, last October.

1      I really apologize for bringing you to court.  Let's
2 fix this for a trial date.
3           Are we ready for a trial date?
4           MR. AMIR:  Your Honor, I think first it would be
5 helpful to set a motion schedule.  And the parties have
6 discussed setting one.  And have also discussed the
7 possibility of a trial date in late 2024, perhaps
8 November 2024.
9           THE COURT:  You can make whatever motions you want,
10 but why should this case not be tried?
11          MR. AMIR:  No, we think we should set a trial date,
12 we were just suggesting --
13          THE COURT:  I've given you guys a lot of time to see
14 whether you can negotiation a disposition.  If you can't,
15 that's what we're here.  That's why I get paid the big bucks.
16          When are you available for trial?
17          Now let me hear from defendants.
18          Do you agree this case has to go to trial?
19          MR. GUTMAN:  Well, Your Honor, I'd just like to
20 mention that we have just received additional discovery, and
21 it was sent in late February, but because of a glitch with
22 FedEx, I didn't receive it until two days ago, so --
23          THE COURT:  What discovery did you receive two days
24 ago?  Why has it taken the government so long to do that?
25          MR. AMIR:  Your Honor, we've made rolling

1 productions.

2          So we have produced discovery on August 18th,
3 September 20th, October 27th of last year, and we made a
4 production several weeks ago.

5          And so from our perspective, discovery is
6 substantially complete by now.

7          THE COURT:  Well, why did you wait until just a few
8 weeks ago before you completed your discovery?

9          MR. AMIR:  There's a voluminous discovery in this
10 case.  It's a cyber crime case with significant number of
11 electronic devices and accounts.  So we've made productions
12 along the way.

13          So the last discovery --

14          THE COURT:  So what would the defendants like to do?
15 You folks are representing, you know, your clients.  And I see
16 this distinguished gentleman here sitting quietly.

17          You want to talk to Judge Block today while you're
18 here?

19          MR. APPLETON:  Of course, Your Honor.

20          Your Honor, this is a case, we are in discussions
21 with the government, it may be able to be resolved, we just
22 need more time to explore.  And as the government says, you
23 know, there's a lot of material here.

24          It is a cyber crime case.  It's got substantial
25 significant charges, so it's -- we're working through it.

1       We are paying attention to the matter and trying to
2  move it forward, but we're not ready for trial yet.
3           THE COURT:  You don't want to go to trial yet.
4           MR. APPLETON:  We may be in a situation where we may
5  be able to resolve it, but we just haven't made that decision
6  yet.
7           THE COURT:  All right, so it's been recommended that
8  you can come back here on June 20th, of all times, at 2:30.
9           So by that time what we're going to do is if you
10 haven't resolved the case by then, we'll go to trial on
11 June 21st.
12          How's that?
13          MR. AMIR:  Just one moment, Your Honor.
14          Your Honor, that date doesn't work for the
15 government.  I'm actually on trial before Your Honor in June.
16          THE COURT:  Before me?
17          MR. AMIR:  Yes, in the Okeke matter.  And AUSA Sise
18 is on trial --
19          THE COURT:  I will tell you on June 20th, all right?
20 You guys are obviously, you know, playing around here a little
21 bit and keep doing that, and if you can't resolve it by
22 June 20th, we'll set this case down for trial in the fall,
23 okay?
24          MR. AMIR:  Okay.
25          THE COURT:  You all agree with that?

1    MR. GUTMAN:  Yes, Your Honor.

2    THE COURT:  We're going to dispose of it one way or

3 the other.

4    And we're looking for trials.  We've got 23 judges,

5 so we don't have trials.

6    MR. AMIR:  Your Honor, we have a proposed joint

7 schedule for motions, should we submit that orally or should

8 we submit a letter to the Court?

9    THE COURT:  What kind of motions do you think you

10 want to make?

11   MR. AMIR:  These are for motions, sort of like

12 motions to suppress, motions to dismiss, mostly from the

13 defenses' perspective, and they proposed -- and we've jointly

14 proposed May 21st for their defense motions.

15   THE COURT:  What is going to be the nature of the

16 motions?

17   MR. AMIR:  I think that's a question for the

18 defense, but we wanted to get a schedule on the calendar so

19 we're prepared.

20   THE COURT:  Motions we just, you know, do it as we

21 come along.  We just wing it.

22   What's the nature of your motions?

23   MR. GUTMAN:  Well, we haven't formulated them

24 completely, but there were search warrants executed in the

25 space, and likely we would be challenging those.

1         THE COURT:  Well, you know how to do that.  We don't
2  need motions and stuff like that.  You know, that's just for
3  the younger judges, not the older judges.
4         You work it out, okay?  Whatever you want to do, you
5  can do whatever motions you want.  No schedules, we don't do
6  that type of stuff.
7         If you feel it's important, you can obviously make a
8  motion before the judge, all right?  Okay, I'll leave it up to
9  you.
10        All right, you don't have to worry about, you know,
11 doing a lot of paperwork and stuff like that.  If you think
12 there's a supression motion you're entitled to, you just
13 submit an affidavit, you make sure, you know, that you do that
14 so we know that there's a real issue.
15        But I don't have a sense right now that you guys
16 really want to do a lot of that stuff, okay?  All right.
17        We don't need any schedules, all right?  Okay?
18        See you on the 20th of June.
19        MR. AMIR:  And we would just move to exclude Speedy
20 Trial Act time until our next conference date, Your Honor.
21        THE COURT:  This is becoming complex litigation, I
22 think; don't you think?  We all agree?
23        I mean, you told me there's a lot of rolling
24 discovery and everything you're telling me, I think that we're
25 going to designate this as complex litigation.  Because of the

1  duration of the case, the pendency of the case, all these

2  motions you want to make, all this rolling type of stuff you

3  have to give to your clients.

4              Complex litigation, speedy trial clock will stop

5  running.

6              MR. AMIR:  Okay, we would also just put on the

7  record --

8              THE COURT:  Do the defendants agree?

9              MR. APPLETON:  Yes, Your Honor.

10             MR. GUTMAN:  I agree.

11             THE COURT:  We don't have to say anything more than

12 that, right?

13             You agree, everybody?

14             MR. GUTMAN:  Yes.

15             THE COURT:  Very complex litigation, obviously,

16 right?  Okay.

17             MR. AMIR:  We would just add on the record that

18 there's been significant discovery produced and that the

19 parties are in negotiation for a possible resolution.

20             We would just add on the record that there has been

21 discovery of -- significant discovery produced, and that the

22 parties are in negotiations over a potential resolution.

23             THE COURT:  Oh, that's great, keep it up, okay.

24             See you on the 20th.  And if you decide to have this

25 case resolved, you can go to a magistrate judge if I'm not

PROCEEDINGS 9

1  available, okay?

2          Good to so all you guys.

3          MR. AMIR:  Likewise.  Thank you, Judge.

4

5          (Whereupon, the matter was concluded.)

6

7                    *    *    *    *    *

8
   I certify that the foregoing is a correct transcript from the
9  record of proceedings in the above-entitled matter.

10

11     <u>s/ Linda D. Danelczyk</u>                    <u>March 13, 2024</u>

12        LINDA D. DANELCZYK                     DATE

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*