1

1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   ------------------------------x
                                    23-CR-236(FB)
3   UNITED STATES OF AMERICA,
                                    United States Courthouse
4           Plaintiff,             Brooklyn, New York

5           -against-              May 30, 2024
                                   10 o'clock a.m.
6   NICHOLAS CERAOLO,

7           Defendant.

8   ------------------------------x

9
                TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
10             BEFORE THE HONORABLE MARCIA M. HENRY
                  UNITED STATES MAGISTRATE JUDGE
11

12  APPEARANCES

13
    For the Government:        UNITED STATES ATTORNEY'S OFFICE
14                             Eastern District of New York
                               271 Cadman Plaza East
15                             Brooklyn, New York 11201
                               BY:  ELLEN HANLEY SISE
16                             Assistant United States Attorney

17
    For the Defendant:        OLSHAN GRUNDMAN FROME & WOLOSKY, LLC
18                            1325 Avenue of the Americas – 15th Floor
                              BY:  ROBERT M. APPLETON, ESQ.
19
    Court Reporter:           LINDA A. MARINO
20                            Phone:  718-613-2484
                              Email:  lindacsr@aol.com
21

22

23

24
    Proceedings recorded by mechanical stenography.  Transcript
25  produced by computer-aided transcription.

*Linda A. Marino, Official Court Reporter*

1          THE COURTROOM DEPUTY:  Criminal cause for pleading,

2    23-CR-236, USA v. Nicholas Ceraolo.

3          Counsel, please state your appearance for the

4    record, starting with the Government.

5          MS. SISE:  Good morning, your Honor.  Ellen Sise for

6    the Government, and I'm joined by a summer intern with our

7    office, Casey Monyak.

8          THE COURT:  Good morning to each of you.

9          MS. SISE:  Thank you.

10          MR. APPLETON:  Good morning, your Honor.  Robert

11    Appleton on behalf of Defendant Nicholas Ceraolo, who's seated

12    with me at counsel table.

13          THE COURT:  Good morning to each of you as well.

14          Good morning to the prosecution.

15          Mr. Appleton, how does your client wish to proceed

16    today?

17          MR. APPLETON:  Your Honor, my client wishes to

18    change his plea of guilty to Counts One and Two of the

19    indictment under an agreement with the Government.

20          THE COURT:  Mr. Ceraolo, your attorney does advise

21    me that you wish to plead guilty today or enter your guilty

22    plea today pursuant to a written agreement with the

23    Government.

24          This plea is a very serious decision.  I have to

25    make sure that you understand your rights and the consequences

*Proceedings*                                                    3

1   of your plea.  I'm going to explain some things and I'm going

2   to ask you some questions.  I want your answers to be under

3   oath.

4           At this time, my deputy will administer the oath.

5           THE COURTROOM DEPUTY:  Mr. Ceraolo, please stand and

6   raise your right hand.

7           Do you swear or affirm that the answers you're about

8   to give in connection to this plea will be the truth, the

9   whole truth, and nothing but the truth, so help you God?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Thank you.  Please be seated.  And sir,

12   now that you have been sworn to tell the truth, you must tell

13   the truth.  If you were to deliberately lie or omit material

14   information in response to any question that I ask you, you

15   could face additional criminal charges for perjury or for

16   making a false statement.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Can you just come a little closer to the

20   table so that the microphone -- they don't move.  I just need

21   you to come closer so the microphone can pick up your voice.

22   Thank you.

23          In any such prosecution, the Government can use any

24   statements that you make here today under oath against you.

25          Do you understand that?

*Proceedings*                                                    4

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  If I say anything that you don't

3    understand or if you need me to repeat anything, please ask.

4    It's extremely important that you understand everything that

5    goes on in this proceeding.

6          Is that clear?

7          THE DEFENDANT:  Yes.

8          THE COURT:  In addition, if you need time to speak

9    privately with Mr. Appleton at any point during this

10   proceeding, please let me know.  We will then pause the

11   proceeding and you will have that time.

12         Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  The first issue I want to address is

15   your consent for me to hear your plea today.

16         I am a United States Magistrate Judge.  District

17   Judge Frederic Block is the assigned district judge in this

18   case.  He will sentence you and will make the ultimate

19   decision as to whether or not to accept your plea.

20         You have the absolute right to have Judge Block

21   listen to your guilty plea.  If you choose to do that, there

22   will be no prejudice to you.

23         Alternatively, if you choose, you may waive or give

24   up the right to have Judge Block listen to your plea.

25   Instead, I will listen to your plea.

*Proceedings*                                          5

1          There is a court reporter here today who will make a

2   transcript of these proceedings.  Judge Block will review that

3   transcript and decide whether to accept your plea.  He'll also

4   review that transcript before he decides what your sentence

5   will be.

6          Now, I have before me a form entitled:  Consent to

7   have a plea taken before United States Magistrate Judge Marcia

8   M. Henry.

9          Well, first, I know I'm a little far away, but is

10  this your signature on the first line here?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Mr. Appleton, is that your signature

13  underneath your client's?

14          MR. APPLETON:  Yes, it is.

15          THE COURT:  Ms. Sise, is this your signature above

16  the name of the U.S. Attorney?

17          MS. SISE:  Yes, your Honor.

18          THE COURT:  This document is dated today, May 30,

19  2024.

20          Mr. Ceraolo, have you reviewed this document?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Have you had enough time to discuss this

23  document with your attorney?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  I'm going to summarize what it says.

1          It says that I informed you of your right to have

2     your plea taken before a district judge.  It also says that

3     you've been advised that you can consent or agree to have your

4     plea taken before a magistrate judge; in this case, me.

5          It says that you understand that you won't suffer

6     any prejudice if you don't agree to have a magistrate judge

7     take your plea and it also says that you understand that if

8     you don't agree to that, then the assigned district judge,

9     Judge Block, would conduct the plea allocution.

10         It further says that you've discussed this matter

11    fully with your lawyer and, after doing that, you do agree or

12    consent to enter your plea before a magistrate judge; in this

13    case, me.

14         Do you understand everything that I've just

15    summarized?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  And do you wish to give up or waive your

18    right to have Judge Block listen to your plea?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Are you making this decision voluntarily

21    and of your own free will?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Has anyone threatened you or promised

24    you anything to get you to agree to have me hear your plea?

25         THE DEFENDANT:  No, your Honor.

*Proceedings*                                                7

1          THE COURT:  I do find that Mr. Ceraolo is knowingly

2    and voluntarily consenting to plea before the magistrate

3    judge.  As a result, I have signed the consent form.

4          Now I have to ask you a few questions about yourself

5    and your state of mind.  First, can you just please state your

6    full name?

7          THE DEFENDANT:  Nicholas Ceraolo.

8          THE COURT:  How old are you?

9          THE DEFENDANT:  Twenty-seven.

10         THE COURT:  How far did you go to school?

11         THE DEFENDANT:  I graduated high school.

12         THE COURT:  Have you had any problems communicating

13   with your lawyer?

14         THE DEFENDANT:  No.

15         THE COURT:  Are you now or have you recently been

16   under the care of a doctor or a psychiatrist for any reason?

17         THE DEFENDANT:  No.

18         THE COURT:  Are you taking any medications?

19         THE DEFENDANT:  Yes.

20         THE COURT:  What medications are you taking?

21         THE DEFENDANT:  Synthroid for autoimmune thyroid

22   disease.

23         THE COURT:  When was the last time you took the

24   Synthroid.

25         THE DEFENDANT:  About, like, a week ago.

*Linda A. Marino, Official Court Reporter*

*Proceedings*                                                8

1              THE COURT:  Does it affect your ability to

2    understand what's happening today?

3              THE DEFENDANT:  No.

4              THE COURT:  Any other medications?

5              THE DEFENDANT:  No, that's all.

6              THE COURT:  Have you had any alcohol to drink within

7    the last 24 hours?

8              THE DEFENDANT:  No.

9              THE COURT:  Have you taken any drugs recently?

10             THE DEFENDANT:  No.

11             THE COURT:  Have you ever been hospitalized or

12   treated for drug addiction.

13             THE DEFENDANT:  No.

14             THE COURT:  Have you ever been hospitalized or

15   treated for alcoholism?

16             THE DEFENDANT:  No.

17             THE COURT:  Have you ever been treated for a mental

18   or emotional issue?

19             THE DEFENDANT:  Yes.

20             THE COURT:  When was that?

21             THE DEFENDANT:  A couple years ago.

22             THE COURT:  Are you still being treated for that

23   issue?

24             THE DEFENDANT:  No.

25             THE COURT:  What was the issue?

*Proceedings*                                    9

1          THE DEFENDANT:  I was in, like, a psychological ward

2     at Jamaica Hospital years ago.

3          THE COURT:  Any other hospitalizations related to

4     that?

5          THE DEFENDANT:  Nope.

6          THE COURT:  Do you believe that that's affecting

7     your ability to understand what's happening today?

8          THE DEFENDANT:  No.

9          THE COURT:  Is your mind clear now?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And do you understand why you're here

12     and what we're doing here today?

13          THE DEFENDANT:  Yes.

14          THE COURT:  I note for the record that Mr. Ceraolo

15     does appear alert and able to understand the proceedings

16     today.

17          Mr. Appleton, have you had any problems

18     communicating with your client?

19          MR. APPLETON:  No, your Honor.

20          THE COURT:  Is he capable of understanding the

21     nature of the charge to which he is pleading guilty?

22          MR. APPLETON:  Yes, he is.

23          THE COURT:  And have you discussed the charges with

24     your client and what it means to plead guilty?

25          MR. APPLETON:  Extensively.

*Proceedings* 10

1              THE COURT:  Have you advised him of the maximum

2      sentence and fine that can be imposed as a result of his plea?

3              MR. APPLETON:  I have.

4              THE COURT:  Have you discussed with him how the

5      sentencing guidelines operate?

6              MR. APPLETON:  I have.

7              THE COURT:  Have you discussed with him any

8      potential immigration consequences of his guilty plea?

9              MR. APPLETON:  Yes, although I don't think there are

10     any.

11             THE COURT:  Are you satisfied that he understood all

12     of your discussions?

13             MR. APPLETON:  I am.

14             THE COURT:  Do you think that he understands the

15     rights he'll be waiving by pleading guilty?

16             THE DEFENDANT:  He does.

17             THE COURT:  Do you have any doubt about his

18     competence to plead guilty here today?

19             MR. APPLETON:  No, I don't, your Honor.

20             THE COURT:  You can be seated and you can remain

21     seated for the remainder of the hearing.

22             Mr. Ceraolo, have you had enough time to discuss

23     your case with your attorney?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Are you satisfied with the assistance

1    your attorney has given you in this case?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Now, I understand that you're seeking

4    today to plead guilty to Counts One and Two of the indictment.

5    Count One charges you with conspiracy to commit computer

6    intrusion and Count Two charges you with aggravated identity

7    theft.  There are also forfeiture allegations related to Count

8    One.

9              Now, to convict you of these offenses, the

10   Government would have to prove beyond a reasonable doubt

11   specific elements for each offense.  I'm going to review those

12   with you now.

13             For Count One, the conspiracy to commit computer

14   intrusion, the Government would have to prove beyond a

15   reasonable doubt that, first, two or more people entered into

16   the unlawful agreement charged in Count One in or about and

17   between April 2022 and May 2022.

18             Second, you knowingly and willfully became a member

19   of that unlawful agreement.

20             Third, that one of the members of the unlawful

21   agreement or conspiracy knowingly committed at least one of

22   the overt acts charged in Count One of the indictment.

23             And fourth, that that overt act was committed to

24   further some objective of this unlawful agreement or

25   conspiracy.

*Proceedings*                                        12

1          Further, because this charges you with conspiracy to

2     commit computer intrusion, the elements of computer intrusion

3     are, first, that without authorization that a person accessed

4     a computer.

5          Second, that that access was done intentionally.

6          And then third, that the person committing the

7     access obtained information from any department or agency of

8     the United States.

9          Do you understand what the Government would have to

10    prove in order to convict you of the offense charged in Count

11    One of the indictment?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Now, for Count Two, aggravated identity

14    theft, the Government would have to prove beyond a reasonable

15    doubt, first, that you knowingly transferred, possessed, or

16    used without any lawful authority a means of identification of

17    another person.

18          And, second, that you knowingly transferred,

19    possessed, or used that means of identification during and in

20    relation to the offense charged in Count One; in other words,

21    in the course of this conspiracy to commit this computer

22    invasion.

23          Do you understand what the Government would have to

24    prove to convict you of the offense charged in Count Two of

25    the indictment?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Counsels, have I misstated or omitted

3    any of the essential elements of the offenses?

4          Mr. Appleton?

5          MR. APPLETON:  No, your Honor.

6          THE COURT:  Ms. Sise?

7          MS. SISE:  No, your Honor.

8          THE COURT:  Ms. Sise, under the *Crime Victim's*

9    *Rights Act*, crime victims have the right to be reasonably

10   heard in any public proceeding in the district court,

11   including plea hearings.

12         Does this case implicate the CVRA?

13         MS. SISE:  Your Honor, the victim company was --

14   rather, the victim government organization was a government

15   organization.

16         THE COURT:  Well, has the government organization

17   been identified and notified of the plea hearing?

18         MS. SISE:  Yes, your Honor.

19         THE COURT:  As well as any rights that they have to

20   have a representative present?

21         MS. SISE:  Yes, your Honor.

22         THE COURT:  Are there any representatives present?

23         MS. SISE:  No, your Honor.

24         THE COURT:  Now Mr. Ceraolo, by pleading guilty you

25   are giving up very valuable rights.  I want to make sure that

1   you understand the rights that you're giving up if you plead

2   guilty.

3           First, you have the right to plead not guilty and to

4   continue to plead not guilty.

5           Do you understand that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  If you plead not guilty, under the

8   Constitution and laws of the United States, you have a right

9   to a speedy and public trial before a jury.

10          Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  You have the right to be represented by

13  an attorney at any trial and at every other stage of the

14  proceedings.  If you couldn't afford an attorney, one would be

15  appointed for you by the Court at no charge.

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  At trial, you would be presumed

19  innocent.  The Government would have to prove you guilty

20  beyond a reasonable doubt based on the elements I just

21  described to you.  You do not have to prove that you are

22  innocent.  In other words, if the Government failed to prove

23  you guilty beyond a reasonable doubt, the jury would have to

24  find you not guilty.

25          Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  At trial, witnesses for the Government

3   would have to come to court to testify in your presence.  Your

4   lawyer would have the right to cross-examine those witnesses

5   and to raise legal objections to the Government's evidence.

6          Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  At trial, you also have the right to

9   offer testimony or other evidence in your own defense.  You

10  have the right to compel witnesses to testify on your behalf.

11         Do you understand that?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  At trial, you would have the right to

14  testify on your own behalf if you chose to.  But if you chose

15  not to testify, you could not be forced to or required to.

16  This is because under the Constitution and laws of the United

17  States, you cannot be compelled to be a witness against

18  yourself or to incriminate yourself.

19         Do you understand that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Also, if you chose not to testify or to

22  present any evidence at all in your defense, the fact that you

23  chose not to do that could not be used against you.

24         Do you understand that?

25         THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  If you plead guilty to the crimes

2    charged and if your guilty plea is accepted based on my

3    recommendation, then you'll be giving up your right to a trial

4    and all of the other trial rights that I've just described.

5    There will be no trial in this case.  You will stand convicted

6    of the crimes to which you are pleading guilty just as if a

7    jury found you guilty.

8          Do you understand that?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  If you plead guilty, I will have to ask

11   you certain questions about what you did in order to satisfy

12   myself and Judge Block that you are, in fact, guilty of the

13   charges to which you are pleading guilty.  You will have to

14   answer my questions truthfully and acknowledge your guilt.  In

15   other words, you will be giving up your right not to

16   incriminate yourself.

17         Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Are you willing to give up your right to

20   a trial and all of the other trial rights that I've just

21   described?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Now, as mentioned, there is a written

24   agreement in this case, which is marked as Court Exhibit 1.

25         (Court Exhibit 1 so marked.)

*Proceedings*                                                17

1          THE COURT:  I have the agreement in front of me and

2    I'm going to turn to the last page of the agreement.

3          And let me just confirm, have you had an opportunity

4    to review this document, your agreement with the Government?

5          THE DEFENDANT:  Oh, yes, your Honor.

6          THE COURT:  Did you discuss this document with your

7    attorney?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  I'm going to first ask -- excuse me.

10          I'm going to read the acknowledgment block here, and

11   it states, quote:  I have read the entire agreement and

12   discussed it with my attorney.  I understand all of its terms

13   and am entering into it knowingly and voluntarily, end quote.

14          Mr. Ceraolo, is this your signature directly

15   underneath that acknowledgment block?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Mr. Appleton, is that your signature

18   underneath your client's.

19          MR. APPLETON:  Yes, your Honor.

20          THE COURT:  Ms. Sise, is this your signature under

21   the name of the U.S. Attorney?

22          MS. SISE:  Yes, your Honor.

23          THE COURT:  And underneath your signature, is that

24   the signature of a supervisory Assistant United States

25   Attorney?

*Proceedings*                                                                18

1        MS. SISE:  Yes, your Honor.

2        THE COURT:  For the record, this document is also

3   dated today, May 30, 2024.

4        Mr. Ceraolo, by signing this agreement, do you agree

5   to all of the terms of the agreement?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  Does this agreement represent your

8   entire understanding of your agreement with the Government

9   concerning your plea of guilty?

10        THE DEFENDANT:  Yes, your Honor.

11        THE COURT:  Mr. Appleton, have you discussed this

12   agreement with your client?

13        MR. APPLETON:  Yes, your Honor.

14        THE COURT:  Do you believe he fully understands the

15   terms of the agreement?

16        MR. APPLETON:  Yes, I do.

17        THE COURT:  Does this agreement contain all of the

18   promises made between the Government and your client in

19   exchange for his plea of guilty?

20        MR. APPLETON:  Yes, your Honor.

21        THE COURT:  Ms. Sise, does this agreement contain

22   all of the promises made between the Government and the

23   Defendant in exchange for his plea of guilty?

24        MS. SISE:  Yes, your Honor.

25        THE COURT:  Now I'd like to review the consequences

1    of pleading guilty with you, Mr. Ceraolo.

2              The charge in Count One, conspiracy to commit

3    computer intrusion, carries the following potential penalties.

4              First, there's a five-year maximum term of

5    imprisonment.  There is no minimum term of imprisonment.

6              With respect to supervised release after any prison

7    term, there's a maximum term of three years.  What that means

8    is if you were sentenced to a term of imprisonment, then after

9    you are released from prison you will be supervised by the

10   probation department.  You will have to abide by certain

11   restrictions and requirements for up to three years.

12             If you violate any of the conditions of supervised

13   release during this period, you can be sentenced to up to two

14   more years without credit -- two more years in prison without

15   credit for the time that you had been on supervised release or

16   in prison in this case.

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  There's a maximum possible fine of the

20   greater of two numbers; either $250,000 or twice the gross

21   gain to you or the twice the gross loss to someone else.

22             Do you understand that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  The Court does have the authority to

25   impose restitution where applicable.

*Proceedings*                                              20

1           Ms. Sise, is restitution an issue in this case?

2           MS. SISE:  No, your Honor.

3           THE COURT:  As to Count One?

4           MS. SISE:  Your Honor, I don't believe that there

5   are any losses to the victim.

6           THE COURT:  All right.  The agreement indicates that

7   it's mandatory in the full amount of each victim's losses.

8           MS. SISE:  Yes, your Honor.  We don't have a loss

9   affidavit from the victim at this time, but we're not

10  anticipating that there will be losses that result in

11  restitution.

12          THE COURT:  Okay.  So, the Government has indicated

13  that there likely might not be a loss.  But, ultimately, if

14  there was, then restitution would potentially be a penalty in

15  this case.

16          MS. SISE:  Yes, your Honor.

17          THE COURT:  Do you understand that, Mr. Ceraolo?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  You are required to pay a mandatory

20  special assessment of $100 as to Count One.

21          Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Further, forfeiture is mandatory as set

24  forth in your plea agreement.  And primarily, you agree to

25  give up all right, title, and interest in certain assets as

*Proceedings*                                                  21

1    set forth in your agreement with the Government.  You also

2    agree that you waive or give up any right to a jury trial or

3    hearing on the issue of forfeiture.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  And I understand that the Government has

7    prepared an order of forfeiture to be filed at some point

8    before sentencing.

9              MS. SISE:  Yes, your Honor.

10             THE COURT:  With respect to Count Two, aggravated

11   identity theft, it carries the following potential penalties.

12             First, there is a minimum and maximum term of

13   imprisonment of two years.

14             Do you understand that?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  After any prison term, then the period

17   of supervised release could be a maximum of up to one year.

18   So, again, after any prison term, you would then be released

19   and supervised by the probation department for up to one year.

20             If you were to violate the conditions of release,

21   you could be sentenced up to one more year, without credit for

22   the prior time served in this case or any supervision.

23             Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  The fine is the same as in Count One,

*Proceedings*                                    22

1   which is the greater of the $250,000 or twice the gross gain

2   to you or twice the gross loss to someone else.

3           Do you understand that?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Further, as mentioned, restitution is an

6   option to the extent that there are any losses to the victim.

7   And the Court would determine that at sentencing.

8           Do you understand that?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  For this count, you also are required to

11  pay the mandatory special assessment of $100.  So, your total

12  special assessment for both counts is $200.

13          Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Further, as mentioned, the forfeiture

16  that is applicable in the plea agreement still counts as --

17  well, not specific to Count Two; however, forfeiture could be

18  part of your overall -- would be part of your overall

19  sentence.

20          Understand that the sentence imposed for Count Two,

21  aggravated identity theft, has to be consecutive to any

22  sentence that is imposed for Count One.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  In addition, I understand that your

1    attorney indicated that there might not be an immigration

2    issue, but I am required to advise you that if you are not a

3    United States citizen, another result of pleading guilty is

4    that you may be removed from the United States, denied

5    citizenship, and denied admission to the United States in the

6    future.  However, removal and other immigration consequences

7    would be the subject of a separate proceeding.

8               Do you understand that?

9               THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  Now, you are pleading guilty to felony

11    offenses.  If the district judge accepts your plea, then you

12    will be considered guilty of those felony offenses.

13              A felony conviction means that you may not possess a

14    firearm, ammunition, or destructive device.  This means that

15    if you ever possess a firearm, ammunition, or a destructive

16    device after your conviction, you can be prosecuted in the

17    future for being a felon in possession.

18              Do you understand that?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  In addition, having a felony conviction

21    means that you may not have other civil rights, such as the

22    right to vote, to hold public office, or to serve on a jury.

23              Do you understand that?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  Ms. Sise, have I misstated or omitted

*Proceedings*                                                    24

1   any of the penalties or consequences for pleading guilty?

2              MS. SISE:  No, your Honor.

3              THE COURT:  Mr. Ceraolo, do you understand all of

4   the consequences of pleading guilty which I've just described?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Now, as I mentioned, if you plead

7   guilty, Judge Block will sentence you.  I want to briefly

8   review how he will determine your sentence.

9              First, the Court will undergo an analysis to

10  determine what a reasonable sentence is in your case.  As a

11  first step, the Court must consider the advisory sentencing

12  guidelines that are issued by the United States Sentencing

13  Commission.  Those guidelines are just what they say; in other

14  words, they're a guide to help the Court decide how to

15  sentence you.  The guidelines are not mandatory.  The Court is

16  required to consider them.

17             Have you had a chance to discuss the sentencing

18  guidelines with your lawyer?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  As a second step, the Court will also

21  consider guidelines factors that will allow him to sentence

22  you either above or below the applicable sentencing guidelines

23  range, what's known as departing upward or departing downward

24  from that range.

25             Do you understand that?

*Proceedings*                                                    25

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Finally, the Court must consider several

3    factors set forth in the sentencing statute against all of the

4    facts and circumstances of this case to determine whether to

5    impose a sentence within or outside the guidelines range.

6          Some of those factors include the nature and the

7    circumstances of the crimes committed, your characteristics

8    and history, the kinds of sentences available, and deterring

9    you or others from committing crimes, among other things.

10         Do you understand that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  What this means generally is that until

13   your sentencing hearing, you can't know with any certainty

14   what the guidelines range will be, whether there will be

15   grounds to depart upwardly or downwardly, or whether the Court

16   will impose a sentence outside the guidelines.

17         Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  To help the judge decide your sentence,

20   the probation department will prepare a report about the case.

21   It's called a "presentence investigation report," commonly

22   known as a "PSR."  The PSR will include facts about the case

23   and about your background and the law that applies to the

24   case.

25         Probation will want to interview you and you can

*Proceedings*                                                    26

1   have your attorney present for that interview.  Probation will

2   also talk with the prosecutors or the law enforcement agents

3   involved in the case and possibly others.

4               Do you understand that?

5               THE DEFENDANT:  Yes, your Honor.

6               THE COURT:  The report also includes a recommended

7   guidelines calculation based on the circumstances of the

8   offense and the extent of your criminal history.  Your

9   attorney will be able to review and discuss this report with

10  you and to challenge information stated in the report.  The

11  Government may also challenge information stated in the

12  report.

13              Do you understand that?

14              THE DEFENDANT:  Yes, your Honor.

15              THE COURT:  At the sentencing hearing, the Court

16  will hear arguments from your attorney and the attorney for

17  the Government about any objections to the report and then

18  will rule on them.  And then the judge will listen to you if

19  you chose to speak, to your attorney, to the Government, and

20  maybe others about what your sentence should be.

21              Do you understand that?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  The judge will calculate the applicable

24  sentencing guidelines and consider them as well as the

25  statutory factors and then he'll impose a sentence based on

*Proceedings*                                                    27

1    all of that.

2           Do you understand this process that I've just

3    described?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Now I'm going to ask counsel for both

6    sides what their estimates of the guidelines are in this case.

7           I'm going to start with you, Ms. Sise.  And if you

8    could just stick with the total adjusted offense level, the

9    criminal history category, and then the related estimated

10   guidelines range, that would be helpful.

11          MS. SISE:  Yes, your Honor.

12          The Government estimates a total score of 12 and the

13   Defendant's criminal history of a category I.  If the

14   Defendant clearly demonstrates through acceptance of

15   responsibility --

16          THE COURT:  Just the total.

17          MS. SISE:  Sorry.

18          Well, with the minus two for acceptance of

19   responsibility, it's an adjusted offense level of ten and a

20   range of six to twelve months for Count One.

21          Because Count Two carries the mandatory consecutive

22   term of imprisonment of 24 months, the effective guidelines

23   range is 30 to 36 months.

24          THE COURT:  For all.

25          MS. SISE:  For both Counts One and Two.

*Proceedings*                                        28

1          THE COURT:  Thank you very much.

2          Mr. Appleton, do you agree with that estimate?

3          MR. APPLETON:  I do, your Honor.

4          THE COURT:  Now, while I have asked the attorneys to

5     estimate the applicable guidelines range and there is some

6     agreement regarding that estimate, the estimate that you

7     heard, Mr. Ceraolo, is not binding on the Court.  Judge Block

8     will do his own sentencing guidelines calculation and that's

9     the calculation that will be used at sentencing.

10         Do you understand that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Even if your actual guidelines range is

13    different from the estimate, you will not be allowed to

14    withdraw your plea of guilty.

15         Do you understand that?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Similarly, if you are sentenced to

18    something different from what the estimated sentencing

19    guidelines range will be, you will not be allowed to withdraw

20    your guilty plea.

21         Do you understand that?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  You should also understand that there is

24    no parole in the federal system.  If you are sentenced to

25    prison, you will not be released on parole.

1             Do you understand that?

2             THE DEFENDANT:  Yes, your Honor.

3             THE COURT:  Now, under some circumstances, you or

4    the Government may have the right to appeal any sentence

5    imposed on you.  For example, if you thought the judge made a

6    mistake in sentencing you, you would have the right to appeal.

7             However, in your agreement with the Government, you

8    agreed that you won't appeal or otherwise challenge the

9    sentence if you are sentenced to 36 months or fewer in prison.

10   You may still assert claims of ineffective assistance of

11   counsel.

12            Do you understand that?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  Counsels, is there anything else in the

15   written agreement or anything else I need to review with

16   Mr. Ceraolo?

17            Mr. Appleton?

18            MR. APPLETON:  I don't believe so, your Honor.

19            THE COURT:  Ms. Sise?

20            MS. SISE:  No, your Honor.

21            THE COURT:  Mr. Ceraolo, do you have any questions

22   about anything that I've reviewed today?

23            THE DEFENDANT:  No, I do not, your Honor.

24            THE COURT:  Do you need any time to discuss anything

25   with your lawyer?

*Proceedings*                                                    30

1              THE DEFENDANT:  No, I do not, your Honor.

2              THE COURT:  Mr. Appleton, do you know of any reason

3    why Mr. Ceraolo should not plead guilty?

4              MR. APPLETON:  No, your Honor.

5              THE COURT:  Are you aware of any viable legal

6    defenses to the charges?

7              MR. APPLETON:  No, your Honor.

8              THE COURT:  Mr. Ceraolo, are you ready to plead at

9    this time?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Tell me, what is your plea to Count One

12   of the indictment charging you with conspiracy to commit

13   computer intrusions, guilty or not guilty?

14             THE DEFENDANT:  Guilty.

15             THE COURT:  Are you pleading guilty to Count One

16   voluntarily and of your own free will?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Has anyone threatened or forced you to

19   plead guilty to Count One?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Other than the promises in your written

22   agreement with the Government, has anyone promised you

23   anything to make you plead guilty to Count One?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  Has anyone made any promise to you as to

*Proceedings*                                                        31

1    what your sentence will be as to Count One?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  And what is your plea to Count Two of

4    the indictment charging you with aggravated identity theft,

5    guilty or not guilty?

6              THE DEFENDANT:  Guilty.

7              THE COURT:  Are you pleading to Count Two

8    voluntarily and of your own free will?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Has anyone threatened or forced you to

11   plead guilty to Count Two?

12             THE DEFENDANT:  No, your Honor.

13             THE COURT:  Other than the promises in your written

14   agreement with the Government, has anyone promised you

15   anything to make you plead guilty to Count Two?

16             THE DEFENDANT:  No, your Honor.

17             THE COURT:  Has anyone made any promise to you that

18   your sentence will be anything other than the mandatory

19   minimum of two years as to Count Two?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  In that case, then, please tell me in

22   your own words what you did to make you guilty of the crimes

23   charged in Count One and Count Two of the indictment.

24             Before you start, I see that you have a document in

25   front of you.

1              Is that what you plan to read?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Did you personally prepare that

4    document?

5              THE DEFENDANT:  I worked on it with my lawyer.

6              THE COURT:  With your lawyer, okay.

7              Did you review everything that's stated in that

8    document?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  And do you agree with everything that is

11   stated in the document?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  All right.  If you're going to read it,

14   please do so, but just read loudly and slowly so that the

15   court reporter and I can hear you.

16             Take your time.

17             THE DEFENDANT:  I joined a group called Vial in

18   Queens and I joined the group and used my computer expertise

19   to help their efforts in April and May 2022.

20             I was a computer expert and Vial, a cyber group,

21   recruited me to help them during the pandemic to obtain

22   personal computer log-in credentials of others.

23             On May 7, 2022, I was aware that another member of

24   the group, a co-defendant Mr. Singh, used the user name and

25   password belonging to a law enforcement officer without that

*Proceedings*                                                          33

1    officer's knowledge or consent to gain access to a federal

2    government database without authorization.  Mr. Singh informed

3    me of what he did.

4              On May 8, I shared the stolen credentials of the law

5    enforcement officer with others in the group Vial.  I knew

6    what we were doing was unlawful.

7              I should state that I never met anyone in the group

8    in person nor did I participate in any acts outside of my

9    home, adding that the transfer of the stolen credential as

10   described was in support of the conspiracy to commit computer

11   intrusion charged in Count One.

12             THE COURT:  Okay.  Just to be clear, you knew when

13   you joined this group that it was for the purpose of

14   committing computer intrusions?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Ms. Sise, does this allocution satisfy

17   all of the essential elements of the charges to which

18   Mr. Ceraolo is pleading guilty?

19             MS. SISE:  Yes, your Honor.

20             THE COURT:  Any facts that the Government will be

21   proffering otherwise?

22             MS. SISE:  No, your Honor.

23             THE COURT:  Mr. Appleton, is there anything that

24   you'd like to add?

25             MR. APPLETON:  No, your Honor.

1          THE COURT:  And based on the information given to

2     me, I make the following findings:

3          First, I find that Mr. Ceraolo is competent to

4     proceed.

5          Second, I find that he is acting voluntarily and

6     that his plea is not the result of any force, threats, or

7     undisclosed promises.

8          Third, I find that he fully understands his rights

9     and the potential consequences of his guilty plea.

10          Finally, I find that there is a factual basis for

11     the plea; meaning, that he did what is charged in Counts One

12     and Two of the indictment.

13          Therefore, I respectfully recommend that the Court

14     accept the Defendant's plea of guilty to Counts One and Two of

15     the indictment.

16          Now, Mr. Ceraolo, the next step is that you will

17     meet with someone from the probation department to prepare

18     that presentence investigation report that I talked about

19     earlier.  I urge you to cooperate with them and be truthful

20     with them; of course, with the advice of your attorney.

21          Now, sentencing in this case will be before

22     Judge Block and will be scheduled after the presentence

23     investigation report is disclosed.  The parties must review

24     and comply with Judge Block's individual rules for sentencing

25     submissions.

*Proceedings*                                                    35

1          Mr. Ceraolo is currently on bond.

2          Is the Government seeking detention at this time?

3          MS. SISE:  No, your Honor.

4          THE COURT:  Then Mr. Ceraolo, you're going to

5    continue to be on pretrial supervision while your sentencing

6    is pending and you are still required to comply with all of

7    the previously imposed release conditions.

8          For the record, I am returning Court Exhibit 1,

9    which is the written agreement between the Government and the

10   Defendant, to the Government for its files and to provide a

11   copy of the fully executed agreement to the defense.

12         Mr. Appleton, is there anything else on behalf of

13   Mr. Ceraolo?

14         MR. APPLETON:  No, your Honor.

15         THE COURT:  Ms. Sise, anything for the Government?

16         MS. SISE:  No, your Honor.

17         THE COURT:  Then this proceeding is adjourned.

18   Thank you all very much.

19         (Matter concluded.)

20

21                    E X H I B I T S

22

23         Court Exhibit 1        Page 16

24

25                    * * * * *