1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,       : 23-CR-00236(MMH)
 4
                                     :
 5                                   :
          -against-                  : United States Courthouse
 6                                   : Brooklyn, New York
                                     :
 7                                   :
                                     : Monday, June 17, 2024
 8   SAGAR STEVEN SINGH,             : 2:00 p.m.
                                     :
 9           Defendant.              :
                                     :
10   - - - - - - - - - - - - - - - - X

11
          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
12         BEFORE THE HONORABLE MARCIA M. HENRY
              UNITED STATES DISTRICT JUDGE
13
                  A P P E A R A N C E S:
14
     For the Government: BREON PEACE, ESQ.
15                         United States Attorney
                           Eastern District of New York
16                           271 Cadman Plaza East
                             Brooklyn, New York 11201
17                       BY:  ELLEN H. SISE, ESQ.
                             Assistant United States Attorney
18

19   For the Defendant:   Law Office of Jeremy L. Gutman
                             521 Fifth Avenue
20                           17th Floor
                             New York, New York 10175
21                       BY:  JEREMY L. GUTMAN, ESQ.

22
     Court Reporter:  Stacy A. Mace, RMR, CRR, RPR
23                       Official Court Reporter
                         E-mail:  SMaceRPR@gmail.com
24
     Proceedings recorded by computerized stenography.  Transcript
25   produced by Computer-aided Transcription.
```

```
                         Proceedings                        2
```

1              (In open court.)

2         THE COURTROOM DEPUTY:  All rise.

3         (Judge MARCIA M. HENRY entered the courtroom.)

4         THE COURT:  Good afternoon.

5         Please be seated.

6         And our newest magistrate judge, Judge Eshkenazi,

7    will be observing today's proceedings.

8         THE COURTROOM DEPUTY:  Criminal cause for a pleading

9    in 23-CR-236, USA versus Sagar Steven Singh.

10        Counsel, please state your appearance for the record

11   starting with the Government.

12        MS. SISE:  Good afternoon, Your Honor.

13        Ellen Sise for the Government, and I'm joined at

14   counsel's table by Casey Monyak, who is an intern with the

15   U.S. Attorney's Office.

16        THE COURT:  All right.  Good afternoon to each of

17   you.

18        MR. GUTMAN:  Good afternoon, Your Honor.

19        Jeremy Gutman for Sagar Singh, who is seated next to

20   me.

21        THE COURT:  Good afternoon to each of you as well.

22        Counsel, how does your client wish to proceed today?

23        MR. GUTMAN:  He is prepared to offer a plea of

24   guilty to Counts One and Two of the Indictment.

25        THE COURT:  Okay.  Thank you.

Proceedings                                            3

1          Mr. Singh, your attorney advises me that you wish to

2    enter a guilty plea today.

3          And, Mr. Gutman, is that pursuant to a written

4    agreement with the Government?

5          MR. GUTMAN:  It is, Your Honor.

6          THE COURT:  All right.

7          Now, this plea is a serious decision.  I have to

8    make sure that you, Mr. Singh, understand your rights and the

9    consequences of your plea.

10          I am going to explain some things and I am going to

11   ask you some questions.  I want your answers to be under oath.

12          My deputy will administer the oath.

13          THE COURTROOM DEPUTY:  Mr. Singh, please stand and

14   raise your right hand.

15          Do you swear or affirm that the answers you are

16   about to give in connection to this plea will be the truth,

17   the whole truth, and nothing but the truth, so help you God?

18          If the answer is "I do," please say "Yes, I do."

19          THE DEFENDANT:  Yes, I do.

20          (Defendant sworn.)

21          THE COURT:  Okay.  Thank you.  Please be seated.

22          Now, Mr. Singh, you've now been sworn to tell the

23   truth.  That means that you must tell the truth.  If you were

24   to deliberately lie or omit material information in response

25   to any question that I ask you, you could face additional

Proceedings                                            4

1    criminal charges for perjury or for making a false statement.

2           Do you understand that?

3           THE DEFENDANT:  I do.

4           THE COURT:  In any such prosecution, the Government

5    could use any statement that you make here today under oath

6    against you.

7           Do you understand that?

8           THE DEFENDANT:  I do.

9           THE COURT:  If I say anything that you don't

10   understand or if you need me to repeat anything, please ask.

11   It is extremely important that you understand everything that

12   goes on in this proceeding.

13          Is that clear?

14          THE DEFENDANT:  It's clear.

15          THE COURT:  Also, if you need at any point to speak

16   privately with Mr. Gutman, please let me know.  We will pause

17   these proceedings and you will have as much time as you need.

18          Do you understand that?

19          THE DEFENDANT:  I understand.

20          THE COURT:  Now, the first issue I want to address

21   is your consent for me to hear your plea today.

22          I am a magistrate judge.  However, Judge Frederic

23   Block is the assigned district judge in this case.  He will

24   sentence you and will make the ultimate decision as to whether

25   to accept your guilty plea.

Proceedings                                            5

1          You have the absolute right to have Judge Block

2    listen to your guilty plea.  If you choose to do that, there

3    will be no consequences or no adverse consequences or

4    prejudice to you.  Alternatively, if you choose, you can waive

5    or give up the right to have Judge Block listen to your plea.

6    Instead, I will listen to your plea.

7              As you see, we have a court reporter who is here and

8    she will make a transcript of this proceeding.  Judge Block

9    will review that transcript and decide whether or not to

10   accept your plea.  He will also review that transcript before

11   deciding what your sentence will be.

12             Now, I have in front of me a document entitled

13   Consent to Have a Plea Taken Before United States Magistrate

14   Judge Marcia M. Henry.

15             And I know we are a little far away, but are you

16   familiar with this document?

17             THE DEFENDANT:  I am familiar with the document.

18             THE COURT:  Is this your signature on the first

19   signature line here?

20             THE DEFENDANT:  It is.

21             THE COURT:  And, Mr. Gutman, is this your signature

22   underneath year client's?

23             MR. GUTMAN:  It is.

24             THE COURT:  Ms. Sise, is this your signature

25   underneath the name of the U.S. Attorney?

Proceedings                                                    6

1        MS. SISE:  Yes, Your Honor.

2        THE COURT:  And I'm sorry, who wrote the date on

3   this document?

4        MS. SISE:  I can't recall, Your Honor, whether the

5   Government wrote it or the defense counsel wrote it.

6        THE COURT:  Okay.

7        MR. GUTMAN:  I think it was the Government.

8        THE COURT:  It looks like it says June 11th, but I

9   am pretty sure it is supposed to say today's date.

10       MS. SISE:  Yes, Your Honor.

11       THE COURT:  So I am just going to hand this back

12  down so we can clearly articulate that it is dated today.

13       (Pause.)

14       THE COURT:  Okay.  Now the document is clearly dated

15  June 17th, 2024.

16       Mr. Singh, have you had enough time to discuss this

17  document with your lawyer?

18       THE DEFENDANT:  Yes.

19       THE COURT:  So, in sum and substance, this document

20  says that I, here, have informed you of your right to have

21  your plea taken from before a United States District Judge.

22       It also says that you've been further advised that

23  you can consent or agree to have your plea taken before a

24  magistrate judge, in this case me.

25       It further says that you understand that you won't

SAM        OCR        RMR        CRR        RPR

1  suffer any prejudice if you refuse to agree to have a

2  magistrate judge take your plea.

3          It also says that you understand that if you don't

4  agree to have a magistrate judge take your plea, then the

5  assigned district judge would conduct your plea allocution.

6          It also says you've discussed this matter fully with

7  your lawyer.  And after doing that, you do consent or agree to

8  have your plea taken before a magistrate judge, in this case

9  me.

10          Now, do you understand what I've just summarized for

11 you?

12          THE DEFENDANT:  I do understand what you just

13 summarized.

14          THE COURT:  And do you wish to give up your right to

15 have District Judge Fred Block listen to your plea?

16          THE DEFENDANT:  I do.

17          THE COURT:  Are you making this decision voluntarily

18 and of your own free will?

19          THE DEFENDANT:  I am.

20          THE COURT:  Has anyone threatened or promised you

21 anything to get you to agree to have me hear your plea?

22          THE DEFENDANT:  No.

23          THE COURT:  Now, I find then that Mr. Singh is

24 knowingly and voluntarily consenting to plead before the

25 magistrate judge, and I have signed the consent.

```
                        Proceedings                        8
```

1          Now I have to ask you questions about yourself and

2     your state of mind.

3          First, can you please state your full name?

4          THE DEFENDANT:  My full name is Sagar Steven Singh.

5          THE COURT:  How old are you?

6          THE DEFENDANT:  I'm 20.

7          THE COURT:  20?

8          THE DEFENDANT:  20.

9          THE COURT:  How far did you go in school?

10         THE DEFENDANT:  I have my GED.

11         THE COURT:  And have you had any problems

12     communicating with your attorney?

13         THE DEFENDANT:  I have no problems communicating

14     with my attorney.

15         THE COURT:  Are you now or have you recently been

16     under the care of a doctor or a psychiatrist for any reason?

17         THE DEFENDANT:  No.

18         THE COURT:  Are you taking any medications?

19         THE DEFENDANT:  No.

20         THE COURT:  Have you had any alcohol to drink within

21     the last twenty-four hours?

22         THE DEFENDANT:  No.

23         THE COURT:  Have you taken any drugs recently?

24         THE DEFENDANT:  No.

25         THE COURT:  Have you ever been hospitalized or

Proceedings                                      9

1    treated for drug addiction?

2            THE DEFENDANT:  No.

3            THE COURT:  Have you ever been hospitalized or

4    treated for alcoholism?

5            THE DEFENDANT:  No.

6            THE COURT:  Have you ever been treated for a mental

7    or emotional issue?

8            THE DEFENDANT:  No.

9            THE COURT:  Is your mind clear now?

10           THE DEFENDANT:  It is.

11           THE COURT:  Do you understand why we're here and

12   what we're doing here today?

13           THE DEFENDANT:  I do.

14           THE COURT:  I note for the record that Mr. Singh

15   appears alert and able to understand the proceedings today.

16           Mr. Gutman, have you had any problems communicating

17   with your client?

18           MR. GUTMAN:  No, Your Honor.

19           THE COURT:  Is he capable of understanding the

20   nature of the charge to which he's pleading guilty?

21           MR. GUTMAN:  He is.

22           THE COURT:  Have you discussed the charge with your

23   client and what it means to plead guilty?

24           MR. GUTMAN:  Yes, I have.

25           THE COURT:  Have you advised him of the maximum

Proceedings                                               10

1   sentence and fine that can be imposed as a result of his plea?

2              MR. GUTMAN:  I have, Your Honor.

3              THE COURT:  Have you discussed with him how the

4   sentencing guidelines operate?

5              MR. GUTMAN:  Yes.

6              THE COURT:  Have you discussed with him any

7   potential immigration consequences of his guilty plea?

8              MR. GUTMAN:  He's a United States citizen, but we

9   have.

10             THE COURT:  Okay.  Are you satisfied that he

11  understood all of your discussions?

12             MR. GUTMAN:  Yes.

13             THE COURT:  Do you think that he understands the

14  rights that he will be waiving by pleading guilty?

15             MR. GUTMAN:  Yes.

16             THE COURT:  And do you have any doubt about his

17  competence to plead guilty here today?

18             MR. GUTMAN:  None, Your Honor.

19             THE COURT:  Mr. Singh, have you had enough time to

20  discuss your case with your attorney?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And are you satisfied with the

23  assistance your attorney has given you in this case?

24             THE DEFENDANT:  I am.

25             THE COURT:  Now, I understand that you are seeking

Proceedings                                                    11

1    today to plead guilty to Count One of the Indictment charging

2    you with conspiracy to commit computer intrusion; and

3    Count Two charging you with aggravated identity theft.

4            Count One, I believe, also includes a forfeiture

5    allegation.

6            Now, to convict you of these offenses, the

7    Government would have to prove beyond a reasonable doubt the

8    following elements for each offense:

9            For Count One, conspiracy to commit computer

10   intrusion, the Government would have to prove beyond a

11   reasonable doubt that, first, two or more people entered into

12   the unlawful agreement charged in the Indictment in or about

13   and between April 2022 and May 2022.

14           Second, that you knowingly and willfully became a

15   member of that unlawful agreement.

16           Third, that one of the members of this unlawful

17   agreement or conspiracy knowingly committed at least one of

18   the overt acts charged in the Indictment.

19           And fourth, that that overt act was committed to

20   further some objective of the conspiracy.

21           Further, the elements of the substantive crime of

22   computer intrusion are, first, that without authorization a

23   defendant accessed a computer.

24           Second, that a defendant acted intentionally.

25           And third, that person obtained information from any

Proceedings                                              12

1    department or agency of the United States.

2            Do you understand what the Government would have to

3    prove to convict you of the offense charged in Count One of

4    the Indictment?

5            THE DEFENDANT:  I do.

6            THE COURT:  Now, for Count Two, aggravated identity

7    theft, the Government would have to prove beyond a reasonable

8    doubt that, first, you knowingly transferred, possessed or

9    used without lawful authority a means of identification of

10   another person.

11           And second, that you knowingly transferred,

12   possessed or used that means of identification during and in

13   relation to the offense charged in Count One.

14           In other words, while conspiring to commit computer

15   intrusion.

16           Do you understand what the Government would have to

17   prove to convict you of the offense charged in Count Two of

18   the Indictment?

19           THE DEFENDANT:  I do.

20           THE COURT:  Counsel, have I misstated or omitted any

21   of the essential elements of the offense?

22           Mr. Gutman.

23           MR. GUTMAN:  No, Your Honor.

24           THE COURT:  Ms. Sise.

25           MS. SISE:  No, Your Honor.

Proceedings                                          13

1        THE COURT:  Ms. Sise, under the Crime Victims Rights

2   Act, crime victims have the right to be reasonably heard at

3   any public proceeding in the district court, including plea

4   hearings.

5        Does this case implicate the CVRA?

6        MS. SISE:  Your Honor, the victim in this case is a

7   government entity and they've been notified of this plea

8   hearing and they are not present today.

9        THE COURT:  All right.  Thank you.

10       Now, Mr. Singh, by pleading guilty you are giving up

11  very valuable rights.  I have to make sure that you understand

12  the rights that you will be giving up if you plead guilty.

13       First, you have the right to plead not guilty and to

14  continue to plead not guilty.

15       Do you understand that?

16       THE DEFENDANT:  Yes.

17       THE COURT:  If you plead not guilty, under the

18  Constitution and laws of the United States, you have a right

19  to a speedy and public trial before a jury.

20       Do you understand that?

21       THE DEFENDANT:  Yes.

22       THE COURT:  You have the right to be represented by

23  an attorney at any trial and at every other stage of the

24  proceedings.  If you could not afford an attorney, one would

25  be appointed for you by the Court at no charge.

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  At trial, you would be presumed

4    innocent.  The Government would have to prove you guilty

5    beyond a reasonable doubt based on the elements I just

6    described to you.  You do not have to prove that you are

7    innocent.  If the Government failed to prove you guilty beyond

8    a reasonable doubt, the jury would have to find you not

9    guilty.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  At trial, witnesses for the Government

13   would have to come to court and testify in your presence.

14   Your lawyer would have the right to cross-examine these

15   witnesses and to raise legal objections to the Government's

16   evidence.

17          Do you understand that?

18          THE DEFENDANT:  I do understand that.

19          THE COURT:  At trial, you also have the right to

20   offer testimony or other evidence in your defense.  You also

21   have the right to compel witnesses to testify on your behalf.

22          Do you understand that?

23          THE DEFENDANT:  I do.

24          THE COURT:  At trial, you would have the right to

25   testify on your own behalf if you chose to.  But if you chose

Proceedings                                          15

1  not to testify, you could not be forced to or required to.

2  This is because under the Constitution and laws of the United

3  States, you cannot be compelled to be a witness against

4  yourself or to incriminate yourself.

5          Do you understand that?

6          THE DEFENDANT:  I do.

7          THE COURT:  Also, if you chose not to testify or to

8  present any evidence at all in your defense, the fact that you

9  chose not to do so could not be used against you.

10          Do you understand that?

11          THE DEFENDANT:  I do.

12          THE COURT:  If you plead guilty to the crimes

13  charged, and if your guilty plea is accepted based on my

14  recommendation, you will be giving up your right to a trial

15  and all the other trial rights I have just discussed.  There

16  will be no trial in this case.  You will stand convicted of

17  the crimes to which you are pleading guilty just as if a jury

18  found you guilty.

19          Do you understand that?

20          THE DEFENDANT:  I do.

21          THE COURT:  If you plead guilty, I will have to ask

22  you certain questions about what you did in order to satisfy

23  myself and Judge Block that you are, in fact, guilty of the

24  charges to which you are pleading guilty.  You will have to

25  answer my questions truthfully and acknowledge your guilt.  In

Proceedings                                                16

1   other words, you will be giving up your right not to

2   incriminate yourself.

3           Do you understand that?

4           THE DEFENDANT:  I do.

5           THE COURT:  Are you willing to give up your right to

6   a trial and all of the other trial rights I have just

7   described?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Now, as mentioned, there is a written

10  agreement in this case, which I have before me and I am

11  marking it as Court's Exhibit 1.

12          (Court's Exhibit 1 was so marked.)

13          THE COURT:  Now, holding up this document,

14  Mr. Singh, have you had an opportunity to review this

15  document?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And did you discuss this document with

18  your attorney?

19          THE DEFENDANT:  I have.

20          THE COURT:  I am going to turn to the last page

21  where there is an acknowledgement block and it says the

22  following:

23          "I have read the entire agreement and discussed it

24  with my attorney.  I understand all of its terms and am

25  entering into it knowingly and voluntarily."

Proceedings                                          17

1          Now, Mr. Singh, is this your signature underneath

2    this acknowledgement block?

3          THE DEFENDANT:  It is.

4          THE COURT:  And, Mr. Gutman, is that your signature

5    underneath your client's?

6          MR. GUTMAN:  It is, Your Honor.

7          THE COURT:  Ms. Sise, is this your signature below

8    the name of the U.S. Attorney?

9          MS. SISE:  Yes, Your Honor.

10         THE COURT:  And below your signature, is that the

11   signature of a supervisory Assistant U.S. Attorney?

12         MS. SISE:  Yes, Your Honor.

13         THE COURT:  And for the record, this document is

14   clearly dated June 17th, 2024.

15         Mr. Singh, by signing this agreement do you agree to

16   all of the terms of the agreement?

17         THE DEFENDANT:  I do agree to all of the terms.

18         THE COURT:  And does this agreement accurately

19   represent your entire understanding of your agreement with the

20   Government concerning your plea of guilty?

21         THE DEFENDANT:  It does.

22         THE COURT:  Mr. Gutman, have you discussed this

23   agreement with your client?

24         MR. GUTMAN:  I have.

25         THE COURT:  And do you believe he fully understands

Proceedings                                    18

1   the terms of this agreement?

2            MR. GUTMAN:  Yes.

3            THE COURT:  Does this agreement contain all the

4   promises made between the Government and your client in

5   exchange for his plea of guilty?

6            MR. GUTMAN:  Yes.

7            THE COURT:  Ms. Sise, does this agreement contain

8   all the promises made between the Government and Mr. Singh in

9   exchange for his plea of guilty?

10           MS. SISE:  Yes, Your Honor.

11           THE COURT:  Now, Mr. Singh, I want to review the

12  consequences of pleading guilty.

13           The charge in Count One, conspiracy to commit

14  computer intrusion, carries the following potential penalties:

15           There is no minimum term of imprisonment, but there

16  is a five-year maximum term of imprisonment.

17           After any prison term, there is a maximum term of

18  three years of supervised release.  What that means is if you

19  are sentenced to a term of imprisonment, then after you are

20  released from prison, you will be supervised by the Probation

21  Department.  This means that you will have to abide by certain

22  restrictions and requirements for up to three years.  If you

23  violate any of the conditions of supervised release during

24  this period, you could be sentenced to up to two more years in

25  prison without credit for the time that you had been on

Proceedings                                    19

1    supervised release or in prison in this case.

2              Do you understand that?

3              THE DEFENDANT:  I do understand that.

4              THE COURT:  There is a maximum possible fine of the

5    greater of either $250,000 or twice the gross gain to you or

6    twice the gross loss to someone else.

7              Do you understand that?

8              THE DEFENDANT:  I do understand.

9              THE COURT:  The Court also has the authority to

10   impose restitution where applicable.

11             Ms. Sise, is restitution an issue in this case?

12             MS. SISE:  Your Honor, I don't believe that the

13   victim suffered any financial losses as a result of this

14   computer intrusion.

15             THE COURT:  All right.

16             Is it fair to say that if the victim did suffer any

17   losses, that that would be in an amount to be determined by

18   the Court?

19             MS. SISE:  Yes, Your Honor, and mandatory.

20             THE COURT:  And mandatory, okay.  Thank you.

21             Do you understand that, Mr. Singh?

22             THE DEFENDANT:  Yes.

23             THE COURT:  You will also be required to pay a

24   mandatory special assessment of $100 as to Count One.

25             Do you understand that?

Proceedings                                          20

1          THE DEFENDANT:  Yes.

2          THE COURT:  Forfeiture is mandatory in this case as

3    set forth in paragraphs 6 through 11 of the plea agreement.

4          Primarily, you agree to give up all right, title and

5    interest in certain assets as set forth in your agreement with

6    the Government.  You also agree that you waive or give up any

7    right to a jury trial or a hearing on the issue of forfeiture.

8          Do you understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And, Ms. Sise, there is a draft Order of

11   Forfeiture that will be filed in advance of sentencing?

12         MS. SISE:  Yes, Your Honor.  I believe the draft was

13   submitted to your chambers.

14         THE COURT:  Yes.  Thank you.

15         Now, Mr. Singh, as to Count Two, which charges you

16   with aggravated identity theft, it carries the following

17   potential penalties:

18         The minimum -- well, the maximum term of

19   imprisonment is two years.  And that is a mandatory term of

20   two years.  So, in effect, it's both minimum and maximum.

21         After any prison term, the supervised release as to

22   this count would be up to a maximum of one year.  And further

23   to my description earlier, if you were sentenced to supervised

24   release as to Count Two, then you would be supervised by the

25   Probation Department after your prison term for a period of up

Proceedings                                               21

1    to one year.

2              If you were to violate the conditions of release

3    during that time, then you could be sentenced up to one more

4    year in prison without credit for any prior time.

5              Do you understand that?

6              THE DEFENDANT:  I do understand that.

7              THE COURT:  Again, the maximum possible fine is the

8    same as Count One, in other words, $250,000 or twice the gross

9    gain to you or twice the gross loss to someone else.

10             Do you understand that?

11             THE DEFENDANT:  I do understand that.

12             THE COURT:  Restitution I also believe would be

13   similar to Count One in this case.

14             Is that correct, Ms. Sise?

15             MS. SISE:  Yes, Your Honor.

16             THE COURT:  Meaning that it would be mandatory and

17   that it would be determined by the Court based on the victim's

18   losses.

19             Do you understand that?

20             THE DEFENDANT:  I do.

21             THE COURT:  As to this count, there is also a

22   separate special assessment that is mandatory of $100.

23             So the total amount of special assessment that you

24   would be paying is $200.

25             Do you understand that?

Proceedings                                              22

1          THE DEFENDANT:  I do.

2          THE COURT:  Forfeiture is also mandatory as to this

3    count, similarly.

4          However, the important thing about Count Two is that

5    any sentence imposed in Count Two is consecutive to a sentence

6    imposed as to Count One.

7          Do you understand that?

8          THE DEFENDANT:  I do.

9          THE COURT:  Now, if you are not a United States

10   citizen, and I realize that your attorney has indicated you

11   are, but if for some reason it is determined that you are not,

12   another result of pleading guilty is that you may be removed

13   from the United States, denied citizenship, and denied

14   admission to the United States in the future.

15         Removal, however, and other immigration consequences

16   would be the subject of a separate proceeding.

17         Do you understand that?

18         THE DEFENDANT:  I do.

19         THE COURT:  Do you still wish to continue with your

20   guilty plea even though there may be immigration consequences

21   if you are determined not to be a United States citizen?

22         THE DEFENDANT:  I do wish to continue.

23         THE COURT:  Now, you are pleading guilty to a felony

24   offense, two of them.  If the district judge accepts your

25   plea, you will be considered guilty of those felony offenses.

Proceedings                                    23

1          A felony conviction means that you may not possess a

2    firearm, ammunition or destructive device.  This means that if

3    you ever possess a firearm, ammunition or a destructive device

4    after your convictions in this case, you could be further

5    prosecuted in the future for being a felon-in-possession.

6          Do you understand that?

7          THE DEFENDANT:  I do.

8          THE COURT:  In addition, having a felony conviction

9    means that you may not have other civil rights, such as the

10   right to vote, to hold public office, or to serve on a jury.

11         Do you understand that?

12         THE DEFENDANT:  I do.

13         THE COURT:  Ms. Sise, have I misstated or omitted

14   any consequences of pleading guilty?

15         MS. SISE:  No, Your Honor.

16         THE COURT:  Mr. Singh, do you understand all of the

17   consequences of pleading guilty that I have just described?

18         THE DEFENDANT:  I do.

19         THE COURT:  As I mentioned, if you plead guilty,

20   Judge Block will sentence you.  I want to briefly review how

21   he will determine your sentence.

22         Judge Block will undergo an analysis to determine

23   what a reasonable sentence is in your case.  As a first step,

24   he must consider the Advisory Sentencing Guidelines that are

25   issued by the United States Sentencing Commission.  Those

Proceedings                                            24

1    guidelines are just what they say they are.  In other words, a

2    guide to help the Court determine how to sentence you.

3         The guidelines are not mandatory, but the Court is

4    at least required to consider them.

5         Have you had a chance to discuss the Sentencing

6    Guidelines with your lawyer?

7         THE DEFENDANT:  I have.

8         THE COURT:  Now, as a second step, the Court will

9    also consider guidelines factors that may allow him to

10   sentence you above or below the applicable sentencing

11   guidelines range.  That's known as departing upward or

12   departing downward from that range.

13        Do you understand that?

14        THE DEFENDANT:  Yes.

15        THE COURT:  Finally, the Court must consider several

16   factors set forth in the sentencing statute against all the

17   facts and circumstances of the case to determine whether to

18   impose a sentence within or outside of the guidelines range.

19        Some of the factors include the nature and

20   circumstances of the crimes committed, your characteristics

21   and history, the kinds of sentences available, and deterring

22   you or others from committing crimes, among others.

23        Do you understand that?

24        THE DEFENDANT:  Yes.

25        THE COURT:  What this means generally is that until

Proceedings                                    25

1    your sentencing hearing, you can't know with any certainty

2    what the guidelines range will be, whether there will be

3    grounds to depart upwardly or downwardly, or whether the Court

4    will impose a sentence outside the guidelines.

5                Do you understand that?

6                THE DEFENDANT:  Yes.

7                THE COURT:  To help the judge decide your sentence,

8    the Probation Department will prepare a report about the case.

9    Its formal name is a presentence investigation report.  It is

10   typically known as a PSR.  The PSR will include facts about

11   the case and about your background, as well as the law that

12   applies to your case.

13               Probation will want to interview you.  You can have

14   your attorney present for that interview.

15               Probation will also talk with the prosecutors or the

16   law enforcement agents involved in the case, and possibly

17   others.

18               Do you understand that?

19               THE DEFENDANT:  Yes.

20               THE COURT:  The report also includes a recommended

21   guidelines calculation based on the circumstances of the

22   offense and the extent of your criminal history.

23               Your attorney will be able to review and discuss

24   this report with you and to challenge any information stated

25   in the report.  The Government may also challenge information

1    stated in the report.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  At the sentencing hearing, the Court

5    will hear arguments from your attorney and the attorneys for

6    the Government about any objections to the report, and then

7    will rule on them.  And then the judge will listen to you, if

8    you choose to speak, your attorney, the attorney for the

9    Government, and maybe others about what your sentence should

10   be.

11             Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  The judge will calculate the applicable

14   sentencing guidelines and consider them and the statutory

15   factors, and he will impose a sentence based on all of that.

16             Do you understand this sentencing process that I've

17   just described?

18             THE DEFENDANT:  I do understand what you just

19   described.

20             THE COURT:  I am now going to ask counsel for both

21   sides what their estimates of the guidelines are in this

22   sentence.

23             I am going to start with you, Ms. Sise.  And if you

24   could just focus on the total adjusted offense level, the

25   expected criminal history category, and then the corresponding

Proceedings                                                    27

1   guidelines range.  You don't need to give all the

2   calculations.

3                MS. SISE:  Yes, Your Honor.

4          The adjusted offense level -- the Government

5   calculates the adjusted offense level of 10 and a Criminal

6   History Category of I.  And the guidelines sentence on both

7   Counts One and Two to be 30 to 36 months' imprisonment.

8                THE COURT:  All right.  And that is based on the

9   fact that the term of imprisonment as to Count Two is two

10  years or 24 months?

11               MS. SISE:  Yes, Your Honor.

12               THE COURT:  Okay.

13         Mr. Gutman, do you concur with that guidelines

14  calculation?

15               MR. GUTMAN:  We agree it's no higher than that.  We

16  reserve our right to possibly raise objections to certain

17  adjustments.

18               THE COURT:  Certainly, understood.

19         Now, Mr. Singh, while I have asked the attorneys to

20  estimate the applicable guidelines range, and while there is

21  at least agreement that the numbers are correct, even though

22  there may be arguments to the way in which the numbers were

23  calculated, the estimate that you heard still isn't binding on

24  the Court.  It's an estimate.  Judge Block will do his own

25  sentencing guidelines calculation.  That is the calculation

Proceedings                                           28

1    that will be used at the sentencing.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Even if your actual guidelines range is

5    different from the estimate, you will not be allowed to

6    withdraw your plea of guilty.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Similarly, if you are sentenced to

10   something different from what the estimated sentencing

11   guidelines range will be, you will not be allowed to withdraw

12   your plea of guilty.

13             Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  You should also understand that there is

16   no such thing as parole in the federal system.  If you are

17   sentenced to prison, you will not be released on parole.

18             Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Now, under certain circumstances you or

21   the Government may have the right to appeal any sentence

22   imposed on you.  For example, if you thought the judge made a

23   mistake sentencing you, you would have the right to an appeal.

24   However, in your agreement with the Government you agreed that

25   you won't appeal, or otherwise challenge, your sentence if you

Proceedings                                    29

1    are sentenced to 36 months or fewer in prison.

2            You may still assert claims of ineffective

3    assistance of counsel.

4            Do you understand that?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Counsel, is there anything else in the

7    written agreement that I need to review with Mr. Singh?

8            Mr. Gutman.

9            MR. GUTMAN:  No, Your Honor.

10           THE COURT:  Ms. Sise.

11           MS. SISE:  No, Your Honor.

12           THE COURT:  Mr. Singh, do you have any questions

13   about anything that I have described with you or for you

14   today?

15           THE DEFENDANT:  No questions.

16           THE COURT:  Do you need any time to discuss anything

17   with your attorney?

18           THE DEFENDANT:  I do not.

19           THE COURT:  Mr. Gutman, do you know of any reason

20   why Mr. Singh should not plead guilty?

21           MR. GUTMAN:  No, Your Honor.

22           THE COURT:  Are you aware of any viable legal

23   defense to the charge?

24           MR. GUTMAN:  No.

25           THE COURT:  Then, Mr. Singh, are you ready to plead

1    at this time?

2              THE DEFENDANT:  I am.

3              THE COURT:  Then tell me first what is your plea to

4    Count One of the Indictment charging you with conspiracy to

5    commit computer intrusion, guilty or not guilty?

6              THE DEFENDANT:  Guilty.

7              THE COURT:  Are you pleading guilty to Count One

8    voluntarily and of your own free will?

9              THE DEFENDANT:  I am.

10             THE COURT:  Has anyone threatened or forced you to

11   plead guilty to Count One?

12             THE DEFENDANT:  No.

13             THE COURT:  Other than the promises in your written

14   agreement with the Government, has anyone promised you

15   anything to make you plead guilty to Count One?

16             THE DEFENDANT:  No.

17             THE COURT:  Has anyone made any promise to you as to

18   what your sentence will be as to Count One?

19             THE DEFENDANT:  No.

20             THE COURT:  Then let me continue with Count Two.

21             What is your plea to Count Two of the Indictment

22   charging you with aggravated identity theft, guilty or not

23   guilty?

24             THE DEFENDANT:  Guilty.

25             THE COURT:  Are you pleading guilty to Count Two

Proceedings                                           31

1    voluntarily and of your own free will?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Has anyone threatened or forced you to

4    plead guilty to Count Two?

5          THE DEFENDANT:  No.

6          THE COURT:  Other than the promises in your written

7    agreement with the Government, has anyone promised you

8    anything to make you plead guilty to Count Two?

9          THE DEFENDANT:  No.

10         THE COURT:  Has anyone made any promise to you as to

11   what your sentence will be to Count Two?

12         THE DEFENDANT:  No.

13         THE COURT:  Well, it is a mandatory count, so your

14   sentence actually will be -- there has to be a promise made

15   because, ultimately, it is a 24-month sentence as to

16   Count Two.

17         But has anyone made any promises to you as to it

18   being anything other than 24 months?

19         THE DEFENDANT:  No.

20         THE COURT:  Okay.

21         Now, please tell me in your own words what you did

22   to make you guilty of the crimes charged in Count One and

23   Count Two of the Indictment?

24         Now, I see that you have a piece of paper in front

25   of you.

Proceedings                                    32

1        Is that a statement that you are going to read?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Okay.  Did you prepare that statement?

4        THE DEFENDANT:  I did.

5        THE COURT:  Did you have your attorney's assistance

6   in preparing that statement?

7        THE DEFENDANT:  Yes.

8        THE COURT:  All right.

9        Do you agree with everything that is contained in

10  the statement you are about to read?

11        THE DEFENDANT:  Yes.

12        THE COURT:  All right.  Then please read loudly and

13  slowly so that the court reporter and I can hear you.

14        THE DEFENDANT:  In April or May of 2022, I was sent

15  login credentials to access a portal.  Shortly after, I came

16  to understand that the portal was associated with a federal

17  agency and I knew I wasn't authorized to enter it.

18        I ended up sharing the credentials with other people

19  and I understood that we were going to -- we were going -- we

20  understood that we were going to use them to enter the portal

21  and gain access to the information entailed.

22        On May 7th, 2022, I logged into the site using these

23  credentials which did not belong to me and I know that I did

24  not have permission to use them.

25        THE COURT:  All right.

Proceedings                                          33

1          Ms. Sise, is the Government proffering any facts?

2          MS. SISE:  Yes, Your Honor.  I'd like to just posit

3   some facts with regard to venue.

4          THE COURT:  Yes.

5          MS. SISE:  The defendant's same co-defendant,

6   defendant Ceraolo, who previously pled guilty, was located in

7   the Eastern District of New York during the course of the

8   conspiracy, and defendant Singh sent communication, including

9   communication in furtherance of the conspiracy, while

10  defendant Ceraolo was in the Eastern District of New York.

11         THE COURT:  Is the Government offering facts to show

12  that Mr. Singh committed any acts related to the conspiracy in

13  the Eastern District of New York?

14         MS. SISE:  Your Honor, under conspiracy law I don't

15  believe that the Government needs to show that the defendant

16  was actually in the Eastern District of New York, just that

17  there were overt acts of the conspiracy here.

18         THE COURT:  And, Mr. Gutman, are you in agreement

19  with the Government's proffer?

20         MR. GUTMAN:  Well, we don't contest the Government's

21  proffer.

22         THE COURT:  Well, a better question is do you

23  contest the proffer?  The answer is no.

24         And so, in terms of the credentials that were

25  accessed, what proof, if any, will the Government have as --

Proceedings                                              34

1  whose credentials they were?

2          MS. SISE:  Yes, they belonged to a law enforcement

3  officer, an individual who the defendant used that

4  individual's credentials to access a government website

5  portal.

6          THE COURT:  Okay.

7          And, Mr. Singh, were you aware that you were

8  accessing a government website?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Okay.

11         And you were aware that you did not have permission

12 to have these login credentials?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Okay.

15         Anything else, Ms. Sise?

16         MS. SISE:  Nothing further from the Government.

17         THE COURT:  Mr. Gutman, anything else?

18         MR. GUTMAN:  No, Your Honor.

19         THE COURT:  Does this allocution satisfy all of the

20 essential elements of the charges to which Mr. Singh is

21 pleading guilty?

22         MS. SISE:  Yes, Your Honor.

23         THE COURT:  Okay.

24         Then based on the information given to me, I am

25 making the following findings:

SAM      OCR      RMR      CRR      RPR

Proceedings                                                35

1          First, I find that the defendant is competent to

2    proceed.

3          Second, I find that the defendant is acting

4    voluntarily and that his plea is not the result of any force,

5    threats or undisclosed promises.

6          Third, I find that he fully understands his rights

7    and the potential consequences of his plea.

8          Finally, I find that there is a factual basis for

9    the plea, meaning that he did what is charged in the

10   Indictment.

11         Therefore, I respectfully recommend that the Court

12   accept the defendant's plea of guilty to Counts One and Two of

13   the Indictment.

14         Now, the next step, Mr. Singh, is that you will meet

15   with someone from the Probation Department to prepare the

16   presentence investigation report that we talked about earlier.

17         I urge you to cooperate with them, obviously, with

18   your lawyer's advice.  If you sit down with the probation

19   officer, you are required to be truthful and forthcoming with

20   them.

21         Now, sentencing before Judge Block, as I understand,

22   will be scheduled at a later date once the PSR is actually

23   issued.  And at that time counsel should review and comply

24   with Judge Block's individual rules for sentencing

25   submissions.

Proceedings                                    36

1          Now, Mr. Singh is currently on bond.  Is the

2  Government seeking detention at this time?

3          MS. SISE:  No, Your Honor.

4          THE COURT:  All right.

5          So, Mr. Singh, you are going to remain on pretrial

6  release until you are sentenced.  What that means is you need

7  to continue to comply with all of the conditions of release

8  that you previously had been directed to comply with.

9          Now, for the record, I am also returning -- I will

10  be returning shortly Court's Exhibit 1, which is the written

11  agreement between the Government and Mr. Singh, to the

12  Government for its files and, importantly, to provide a copy

13  of the fully executed document to the defense.

14          Mr. Gutman, is there anything else on behalf of

15  Mr. Singh?

16          MR. GUTMAN:  Nothing else, Your Honor.  Thank you.

17          THE COURT:  Ms. Sise?

18          MS. SISE:  No.  Thank you, Your Honor.

19          THE COURT:  All right, then this proceeding is

20  adjourned.

21          Thank you, everyone.

22          (Matter adjourned.)

23

24

25