UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

        - against -

NICHOLAS CERAOLO,
       also known as "Convict," "Anon,"
    "Plug Walk Killa," and "Ominous,"

               Defendant.

– – – – – – – – – – – – – – – – – X

PRELIMINARY ORDER OF FORFEITURE

23-CR-236 (FB)

        WHEREAS, on or about May 30, 2024, Nicholas Ceraolo, also known as

"Convict," "Anon," "Plug Walk Killa," and "Ominous" (the "defendant"), entered a plea of

guilty to the offenses charged in Counts One and Two of the above-captioned Indictment,

charging violations of 18 U.S.C. § 371, to wit, conspiracy to commit computer intrusion, and

18 U.S.C. § 1028A(a)(1); and

        WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(2) and 1030(i)(1), the defendant

has consented to the forfeiture of all right, title, and interest to the United States in the

following assets, all seized by law enforcement on or about May 11, 2022, September 8,

2022, and March 14, 2023 in Pawtucket, Rhode Island and Queens, New York (collectively,

the "Seized Assets"):

        (i)      one Dell laptop with serial number JMQYZM1;

        (ii)     one Apple MacBook Pro with serial number C02TT1U3FVH3;

        (iii)    one ASUS laptop with serial number G4N0CV19Y574178;

        (iv)    one ASUS laptop with serial number H2N0CY004554065;

        (v)     one Apple iPhone with IMEI number 356716085041888;

(vi)     one Hitachi hard drive with serial number 100807PBN401B7HTH35L;

(vii)    one Sandisk USB drive with serial number BN181226247B;

(viii)   one Apple iPhone with serial number C7CCL3Z0N72J;

(ix)     one Toshiba laptop with serial number 3A085516Q;

(x)      one Trezor cryptocurrency wallet;

(xi)     one Apple iPhone with IMEI number 352904110592067;

(xii)    one Apple MacBook with serial number JP23D7TR64;

(xiii)   one MSI laptop model number 9560NGW;

(xiv)    one WD hard drive with serial number WCC4M5CNDE1;

(xv)     one Dell computer power supply with serial number 7DXDCS2; and

(xvi)    one card scanner with serial number B12009190041,

as any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 371, and the defendant's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such offense, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1030(i)(2).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      Pursuant to 18 U.S.C. §§ 982(a)(2), 982(b)(1), 1030(i)(1), and 1030(i)(2), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States all right, title, and interest in the Seized Assets.

2.      Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Seized Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

3.      The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Seized Assets in such a manner as the Attorney General or her designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

4.      Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5.      The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial (civil or criminal) proceeding.  The defendant shall not assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial (civil or criminal) forfeiture proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States.  Further, if any third party files a claim to the Seized Assets, the defendant will assist the government in defending such claims.  If the Seized Assets are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1030(i)(2).  The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

6.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Seized Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any

applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction.  If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.      The United States alone shall hold title to the Seized Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.      The forfeiture of the Seized Assets is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11.     This Preliminary Order shall be binding only upon the Court's "so ordering" of the Order.

12.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.    The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Senior Law Clerk Jennifer Lai, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         _____, 2025

                              SO ORDERED:


                              _____
                              HONORABLE FREDERIC BLOCK
                              UNITED STATES DISTRICT JUDGE
                              EASTERN DISTRICT OF NEW YORK