

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:EHS/AA
F. #2022R00315

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 6, 2025

By ECF and E-mail

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Sagar Steven Singh
               Criminal Docket No. 23-CR-236 (FB)

Dear Judge Block:

      The parties respectfully write pursuant to Federal Rule of Criminal Procedure 36 to submit a correction to the judgment of defendant Sagar Steven Singh. At the June 4, 2025 sentencing, the government informed the Court that they would not seek to incorporate a geolocation monitoring provision in the supervised release condition relating to computer and internet monitoring, and Your Honor ruled accordingly. However, the condition imposed in the written judgment still contains the geolocation provision. *See* ECF No. 64. Accordingly, the parties respectfully request that the condition be narrowed as follows:

Proposed Change

      The defendant shall cooperate with the U.S. Probation Office's Computer and Internet Management/Monitoring ("CIMP") program. Cooperation shall include, but not be limited to, identifying computer systems (as defined in 18 U.S.C. § 1030(e)(1)), Internet-capable devices, and/or any electronic media capable of data storage the defendant has access to, allowing an initial examination of the device(s), and installation of monitoring software/hardware on the device(s). The costs to the defendant are waived. The monitoring software/hardware is authorized to capture and analyze all data processed by and/or contained on the device~~, including the geolocation of the device. The geolocation data collected by the monitoring software is to be accessed only if reasonable suspicion exists that the defendant has violated the conditions of supervision~~. The defendant must provide the Probation Office advance notification of planned use or purchase of any device(s). The defendant shall not use any device(s) without approval until compatibility with current monitoring software/hardware is determined and installation of monitoring software/hardware is completed. In addition to reviewing the monitored data, the Probation Office

may access the device(s) if reasonable suspicion exists that the defendant has violated the conditions of supervision. The defendant may be limited in the amount of internet capable devices in their possession based upon the capabilities of the current monitoring software/hardware and the available resources of the Probation Office in order to facilitate effective management and monitoring of the device(s). The defendant shall also permit seizure and removal of computer systems, Internet-capable devices, and any electronic media capable of data storage for further analysis by law enforcement or the Probation Office based upon reasonable suspicion that a violation of a condition of supervision or unlawful conduct by the defendant has or is about to occur. Failure to comply with the monitoring, seizure and/or search of any computer systems, Internet-capable devices, and any electronic media capable of data storage may result in adverse action such as sanctions and/or revocation. The defendant shall inform all parties that access a monitored device, that the device is subject to search and monitoring.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander F. Mindlin
Ellen H. Sise
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (FB) (by ECF)
Defense Counsel of Record (by ECF and email)
U.S. Probation Officer (by email)